**ALLRED v. SASSER.**

No. 9445.

United States Court of Appeals
Seventh Circuit.

Oct. 22, 1948.

234

Morris A. Haft, of Chicago, Ill. (Michael Schaffner, of Chicago, Ill., of counsel), for appellant.

Geoffrey Fleming, Henry M. Thullen and Frank F. Fowle, Jr., all of Chicago, Ill. (Pope & Ballard, of Chicago, Ill., of counsel), for defendant-appellee.

Before SPARKS, Chief Judge, and KERNER, Circuit Judge and BRIGGLE, District Judge.

BRIGGLE, District Judge.

This is an appeal from a Judgment of the District Court in favor of. the defending-employer on the claim of appellant for $865.80 unpaid overtime compensation plus an equal sum for liquidated damages based upon Section 16 (b) of the Fair Labor Standards Act, 29 U.S.C.A. § 216 (b).

The case was tried by the Court without a jury, and at the conclusion of appellant's evidence, and without any evidence being offered by appellee, the Court found among other facts the following:

"That appellant was employed in interstate commerce by the appellee as a working foreman in a freight car repair and building yard from about December 8, 1942 to August 7, 1943.

. "That during the period from December 8, 1942 to August 7, 1943, the plaintiff's sole duty consisted of the management of defendant's South Chicago plant, the establishment in which he was employed, and a customarily recognized department of defendant's business.

"That plaintiff customarily and regularly Directed the work of from 25 to 30 employees at defendant's South Chicago plant.

"That plaintiff had the authority to hire and fire other employees and that plaintiff exercised such authority by hiring, during the period of his employment, at least two employees and firing at least two employees.

"That plaintiff customarily and regularly exercised discretionary powers in the management of defendant's South Chicago plant.

"That plaintiff was in sole charge of defendant's South Chicago plant, an independent and physically separated branch establishment, and. in any event plaintiff's hours of work of the same nature as that performed by non-exempt employees did not exceed 20% of the number of hours worked in the workweek by the non-exempt employees under his direction."

Appellant contends that at close of plaintiff's case his evidence should have been taken in its aspect most favorable to him, together with all reasonable inferences and, thus construed, that the evidence does not support the above findings of the Court.

His view is that the Court should have limited its consideration of the evidence to the narrow limits applicable to the consideration of the evidence in a jury case upon a motion by the defendant for a directed verdict at the close of the plaintiff's case.

Appellee takes the position, in which we concur, that under Rule 41 (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., upon a motion to dismiss at the close of the plaintiff's case, the trial court determines the facts without being thus limited and must weigh and evaluate the evidence.

In this case the trial court was the trier of the facts, and in considering the evidence was not bound to view it in a light most favorable to the plaintiff, with all attendant favorable presumptions, but was bound to take an unbiased view of all the evidence, direct and circumstantial, and accord it such weight as he believed it entitled to receive. Rule 41 (b), Federal Rules Civil Procedure, supra; Gary Theatre Co. v. Columbia Pictures Corporation, 7 Cir., 1941, 120 F.2d 891, 892; Young v. United States, 9 Cir., 1940, 111 F.2d 823, 825; Bach v. Friden Calculating Mach. Co., 6 Cir., 1945, 148 F.2d 407, 411.

A study of the record discloses that there was ample basis in the evidence, with a single exception, for the findings of the Court. That exception relates to the Court's finding that plaintiff's hours of work of the same nature as non-exempt employees did not exceed 20% of the number of hours worked by such non-exempt employees. We find nothing to contradict, discredit or impeach the plaintiff's testimony that he worked in excess of 20% of his employed time on tasks of the same nature as those performed by non-exempt employees under his supervision. The evidence shows plaintiff to have been a hard working, courageous employee, never afraid to turn his hand to a menial task when the best interest of his employer seemed to demand it. This, however, is not a controlling fact in our case because plaintiff was in sole charge of an independent branch of defendant's business. With this single exception, the findings of fact were supported by the evidence and may not be disturbed by this Court. Walling v. General Industries, 1947, 330 U. S. 545, 550, 67 S.Ct. 883, 91 L.Ed. 1088; Chanady v. Detroit Sheet Metal Works, 6 Cir., 1947, 158 F.2d 799, certiorari denied, 1947, 330 U.S. 850, 67 S.Ct. 1095, 91 L.Ed. 1294.

The appellee contended, and the lower court concluded, upon the basis of these findings that the appellant was, at all times during which he was in the employ of the defendant, a bona fide executive within the meaning of the Fair Labor Standards Act, and the regulations of the administrator of the Wage and Hour Division of the Department of Labor.

This conclusion is founded upon Section 13 (a) (1) of said Act, 29 U.S.C.A. § 213 (a) (1), and upon the promulgated regulations of the Administrator. Said Section 13 (a) (1) provides that the provisions of the act relied upon by appellant "shall not apply with respect to (1) any employee employed in a bona fide executive * * * capacity * * * (as such terms are defined and delimited by regulations of the Administrator)." The Administrator has defined the term "employee employed in a bona fide executive * * * capacity" as follows:

"The term 'employee employed in a bona fide executive * * * capacity' in Section 13 (a) (1) of the Act shall mean any employee

"(a) whose primary duty consists of the management of the establishment in which he is employed or of a customarily recognized department or subdivision thereof, and

"(b) who customarily and regularly directs the work of other employees therein, and

"(c) who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees will be given particular weight, and

"(d) who customarily and regularly exercise discretionary powers, and

"(e) who is compensated for his services on a salary basis at not less than $30 per

week (exclusive of board, lodging or other facilities), and

"(f) whose hours of work of the same nature as that performed by non-exempt employees do not exceed 20 per cent of the number of hours worked in a work-week by the non-exempt employees under his direction: Provided, that this subsection (f) shall not apply in the case of an employee who is in sole charge of an independent establishment or a physically separated branch establishment." (Code of Federal Regulations, Cum. Supp., Title 29—Labor, Chapter V—Wage and Hour Division, Part 541.1; 5 Federal Regulations 4077).

The Court correctly concluded on the basis of its approved findings that the plaintiff was a bona fide executive employee within the meaning of Section 13 (a) (1) of the Fair Labor Standards Act as construed and defined by the regulations of the Administrator. The Judgment is affirmed.