## JEWEL TEA COMPANY
### v.
### LOCAL UNIONS NOS. 189, 262, 320, 546, 547, 571 AND 638 AMALGAMATED MEAT CUTTERS AND BUTCHER WORKMEN OF NORTH AMERICA, AFL–CIO et al.

No. 58 C 1415.

United States District Court
N. D. Illinois, E. D.

Oct. 30, 1962.

George B. Christensen, Fred Daugherty, Richard Austin, Winston, Strawn,

Smith & Patterson, Chicago, Ill., for plaintiff.

Asher, Gubbins & Segall, Chicago, Ill., for defendant Locals 189, 262, 320, 546, 547, 638 Amalgamated Meat Cutters & Butcher Workmen of North America, AFL-CIO et al.

Libit, Lindauer & Henry, Chicago, Ill., for defendants Associated and Charles Bromann.

Eardley & Ward, Chicago, Ill., for defendants.

LA BUY, District Judge.

In an opinion reported as Jewel Tea Co. v. Local Unions, etc., 274 F.2d 217 (7th Cir., 1960) the complaint in this case survived defendants' attack. That opinion, describing the nature of this action, also examines significant elements of the complaint. It should, however, be noticed that the Court of Appeals was simply evaluating and testing pleadings on an interlocutory appeal. After affirmance and remand, various defendants filed answers and this cause proceeded to trial on the merits before the Court, sitting without a jury.

### I

When the plaintiff rested, after introducing parol and documentary evidence, Charles Bromann and Associated Food Retailers of Greater Chicago, Inc., defendants, moved to dismiss this action (T. p. 594). At the same time another motion was made to dismiss the complaint on behalf of the defendant Unions, their named officers, and representatives (T. p. 622). These motions, it is assumed, were interposed under the authority of Rule 41(b), Fed.R.Civ.P., providing, in part relevant here: " * * * After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. In an action tried by the court without a jury the court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a). * * *."

■ Plaintiff grounds its action on 15 U.S.C. § 15, which provides: "Any person who shall be injured in his business or property by reason of *anything forbidden* in the anti-trust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover threefold damages by him sustained, and the cost of suit, including a reasonable attorney's fee." (Emphasis supplied). Of course, at this stage of the case disposition of defendant's several motions turns upon the state of the plaintiff's evidence in this record. See, e. g., Penn-Texas Corporation v. Morse, 242 F.2d 243 (7th Cir., 1957), Allred v. Sasser, 170 F.2d 233, 235 (7th Cir., 1948).

Jewel has clearly established existence of union contracts under which this plaintiff is prevented from selling meat and meat products before 9:00 A.M. or after 6:00 P.M., Mondays through Saturdays, in its Chicago area stores. Moreover, such meats, if plaintiff were permitted so to do, would be sold pre-packaged via a self-service system.

■ Turning now to the defendants Associated Food Retailers of Greater Chicago, Inc., and Charles H. Bromann, Associated is a trade association "consisting of 'several thousand individual or independent food stores engaged in the retail sale of meat for human consumption in the Greater Chicago area.'" Jewel Tea Co. v. Local Unions, etc., 274 F.2d 217, 222 (7th Cir., 1960). Bromann is allegedly the Secretary and Treasurer of Associated. But the gist of the complaint is that there is and has been a conspiracy among and between Bromann, Associated, and the defendant Unions. Yet, there is wanting any evi-

dence in this record tying in Associated and Bromann as conspirators. Bromann apparently conducts collective bargaining for and on behalf of Associated, which enjoys the industry wide contract.

From 1957 Jewel sought exclusion of the restriction on night sales, and the Union bargaining group resisted (T. P. 122). And the rest of the Industry agreed with the defendant Unions to continue the ban on night operations (T. P. 122). Yet, realistically speaking, there is absent any evidence showing Bromann or Associated, or both, conspired with the defendant Unions in forcing the restrictive clause upon Jewel. One would be pyramiding inferences upon inferences in order to find such as a fact.

Jewel's chief evidence was adduced through R. Emmett Kelly, called as an adverse witness, who is assistant business representative for Local 546. Kelly's testimony shows Union activity and is devoid of any significant mention of Bromann and Associated. Moreover, neither of those two defendants is a signatory on the Union Contracts received in evidence.

Accordingly, the motion interposed by Bromann and Associated is allowed.

## II

Since Jewel has sought relief from the defendant Unions apart from the theory of conspiracy, the court now denies the defendant Unions' motion to dismiss the complaint.

## III

Counsel shall prepare suggested findings of fact and conclusions of law as provided in Rule 52(a) for that portion of the case wherein the motion of defendants Bromann and Associated has been sustained. Such findings shall also contain therein an express determination that there is no just reason for delay, in accordance with Rule 54, Fed.R.Civ.P.

Judgment on the motion of defendants Bromann and Associated shall be entered accordingly.