483 F.2d 438
 The FIDELITY AND CASUALTY COMPANY OF NEW YORK and E. F.
Hutton and Co., Inc., Plaintiffs-Appellants,
v.
The KEY BISCAYNE BANK, Defendant-Third-Party Plaintiff-Appellee,
v.
Charles L. LEWIS, Third-Party Defendant-Appellee.
 No. 72-2545
 United States Court of Appeals,
Fifth Circuit.
 Aug. 22, 1973.
 
 James E. Tribble, John B. Kelley, John R. Hoehl, Mark Hicks, Miami, Fla., for plaintiffs-appellants.
 Peter Fay, Alan G. Greer, Miami, Fla., Charles L. Lewis, Breadbasket Corp., Atlanta, Ga., for defendants-appellees.
 Before TUTTLE, GODBOLD and MORGAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Fidelity & Casualty (F & C) sued the bank charging that the bank converted 900 shares of IBM stock, the property of Hutton, a brokerage firm covered by a surety bond written by F & C. F & C alleged that it had paid to Hutton $284,850.00, the value of the stock, and was subrogated to Hutton's rights.[1]
 
 
 2
 In a nonjury trial F & C first established ownership of the stock by Hutton and its disappearance. The stock was held in what is known as street form, that is, on the face of the nine 100-share certificates Hutton was shown as owner and on the reverse side each certificate was endorsed by Hutton in blank. Next, F & C called as an adverse witness the president and chairman of the bank, who testified to the bare skeletal details of acceptance of the nine certificates as collateral in a loan transaction with Charles L. Lewis. The bank had later called Lewis's loan and at his direction had sold the stock and discharged his loan. On cross-examination of the president-chairman and over objection by plaintiff, the bank was permitted to inquire into matters which, according to plaintiff, went beyond the scope of the direct examination. Plaintiff claims that its direct examination was limited to proving that the bank had appropriated the stock by accepting it as security for a loan, while the cross examination went into numerous details tending to show that the bank had acted in good faith and without any knowledge of any infirmity in Lewis's ownership rights in the stock.
 
 
 3
 By its third and last witness, F & C established the amount and payment of the loss and its rights as subrogee. Both parties moved for a directed verdict at the conclusion of plaintiff's case, and the court granted defendant's motion.
 
 
 4
 On appeal we are presented with these issues. First, is the suit one for common law conversion of negotiable stock or has that action been abolished by the Uniform Commercial Code as adopted in Florida? Second, under the applicable law, statutory or common, is plaintiff required to prove defendant's lack of good faith as a part of its prima facie case, or is good faith an affirmative defense to be proved by the defendant? Third, did the court err in overruling plaintiff's objection to cross examination of the president-chairman? See F.R. Civ.P. 43. Fourth, once these prior questions have been answered, is the evidence sufficient under applicable standards to support the granting of a motion under F.R.Civ.P. 41(b) at the conclusion of the plaintiff's case? That rule provides:
 
 
 5
 After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a).
 
 
 6
 In this instance the court rendered judgment on the merits against the plaintiff but did not enter findings and conclusions as provided in F.R.Civ.P. 52(a). The trial judge announced his decision from the bench and gave his reasons, but the transcript of his statements does not enable us to answer with assurance the issues presented to us on appeal. The case must be remanded in order that the trial court can "find the facts specially and state separately its conclusions of law" as required by Rule 52(a).
 
 
 7
 Vacated and remanded.
 
 
 
 [1]
 The bank joined Hutton as third party defendant alleging negligence by it and claiming recovery over for any amounts it was required to pay F & C. Hutton was realigned as plaintiff and the bank's claim against it treated as a counterclaim