Manuel Chaney initiated this action when he filed a complaint alleging that the General Motors Corporation sold him an automobile with a warranty that the automobile was "fit for the purpose for which it was sold." He also alleged the automobile was defective when sold because a steering coupling shield had not been installed in the steering mechanism of the car, and as a result of this defect the automobile overturned and he was injured.
The case was tried without a jury. At the conclusion of Chaney's evidence, General Motors orally requested a directed verdict, which was granted. Chaney's motion for new trial was denied and he appeals.
The only evidence offered by Chaney at trial was his testimony and two letters he received from the General Motors Corporation.
In 1971 Chaney purchased a new Chevrolet Impala. In March 1973 he received a letter from General Motors informing him he should have a steering coupling shield installed on his Chevrolet "to prevent the possibility of a partial loss of steering control should a stone lodge between the steering coupling and frame of your car." The letter further cautioned:
 "Such an incident could occur when you drive your car on an unpaved road surface if a stone should be thrown up into the engine compartment where it can lodge between the steering coupling and the frame. If this should happen, it may cause increased steering effort or interference with steering control of your car. It is possible that it could even result in a partial loss of steering control.
 "If, before you have this shield installed, you are required to drive on gravel roads, particularly those which are extremely wavy, rutted or filled with chuck holes, you should not drive at speeds which will cause your car to pitch excessively. You should reduce your speed so that the front frame cross-member will not contact the road surface and scoop up loose stones or gravel from the roadway."
A second letter, dated August 1973, repeated this information.
Chaney promptly returned his automobile to his local dealer upon receipt of the letter in March but was unable to have the safety shield installed because the dealer lacked the necessary parts. Between March 1973 and the date of the accident, July 13, 1973, Chaney repeatedly attempted to have the safety shield installed, but with no success.
On July 13, 1973 Chaney was traveling alone in the automobile on a paved road at a speed of approximately fifty to sixty miles an hour when he drove over gravel which was lying on the pavement from an adjacent unpaved driveway. After crossing the gravel on the highway Chaney attempted to maneuver the vehicle to the left when, according to him, the steering column locked momentarily. When the steering column unlocked he lost control of the vehicle and the car struck a culvert and overturned. The vehicle was totally destroyed and Chaney was injured.
Chaney said he had no problem with the steering column of the automobile prior to the accident. He also said the mechanic who examined the vehicle after the accident told him the frame beneath the car was not damaged, indicating no foreign object had lodged there. Chaney was on his way to have the tires aligned when the accident occurred. *Page 801 
General Motors introduced into evidence two of the tires, the right rear and the left front, which had been on the automobile; both tires were flat with ruptured casings. On cross-examination Chaney said that when he lost control of the car the car did not handle as if a tire had burst.
At the close of Chaney's evidence, General Motors moved for a directed verdict on the ground that Chaney had failed to show a causal connection between the defect and the injury and thus to make a prima facie case. On appeal Chaney maintains the trial court erred in granting General Motors' motion in that first, the requisite causal connection between defect and injury was established by circumstantial evidence, and second, the evidence showed the essential elements necessary for a prima facie case of products liability.
We note at the outset that the motion requested and granted was one for a directed verdict under Rule 50, ARCP. However, since the case was tried without a jury, we believe the movant should have asked the trial court to dismiss under Rule 41 (b), ARCP, which provides in pertinent part:
 ". . . After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence."
Thus, we will treat the motion made and granted as a Rule 41 (b) motion. See James v. DuBreuil, 500 F.2d 155 (5th Cir. 1974); Fidelity Casualty Co. v. Key Biscayne Bank,483 F.2d 438 (5th Cir. 1973); Martin v. E.I. duPont De Nemours Co.,281 F.2d 801 (3rd Cir. 1960).
A Rule 41 (b) motion to dismiss is not the equivalent to a Rule 50 motion for a directed verdict, nor is the role of the trial court the same. The committee comments to Rule 41 state:
 ". . . In a jury case, Rule 50 applies and the court is limited to a question of law (thereby preserving jury trial right) as to the sufficiency of plaintiff's prima facie case. In a non-jury case, the court, under Rule 41 (b), as ultimate trier of fact, is free to weigh the evidence and the credibility of the witnesses."
Allred v. Sasser, 170 F.2d 233 (7th Cir. 1948), is quite similar to the case at bar. The case was tried by the court without a jury. At the conclusion of the plaintiff's evidence, and without any evidence being offered by the defendant, the court granted the defendant's motion to dismiss under Rule 41
(b), Federal Rules of Civil Procedure. The plaintiff appealed, contending that the trial court should have viewed his evidence in an aspect most favorable to him, together with all reasonable inferences. So construed, he said, the evidence did not support the trial court's findings.[1] The United States Court of Appeals for the Seventh Circuit rejected the plaintiff's position, holding:
 "In this case the trial court was the trier of the facts, and in considering the evidence was not bound to view it in a light most favorable to the plaintiff, with all attendant favorable presumptions, but was bound to take an unbiased view of all the evidence, direct and circumstantial, and accord it such weight as he believed it entitled to receive." 170 F.2d, at 235 (citations omitted).
In essence, Chaney makes the same argument as plaintiff Allred when he contends that there was circumstantial evidence which established the causal link between the admitted defect and the proven injury. While it would have been error had the trial court directed a verdict in favor of *Page 802 
General Motors at the conclusion of Chaney's evidence in a jury-tried case, it was not error here where the court was the trier of fact. The trial court was not required to view the evidence most favorably for Chaney but rather to take an unbiased view of all the evidence,[2] to weigh and evaluate the evidence,[3] and resolve the case on the basis of the preponderance of the evidence.[4] See 5 Moore's Federal Practice(2d ed.) § 41.13[4], pp. 41-193; Wright Miller, FederalPractice and Procedure: Civil § 2371, pp. 224-25. In our view the evidence does not clearly preponderate in favor of Mr. Chaney.
Chaney secondly says the trial court erred in dismissing the action against him because he made out a prima facie case under the requirements of Atkins v. American Motors Corp., Ala.,335 So.2d 134 (1976). Again, this position misapprehends the operation of a Rule 41 (b) motion. As stated in Ellis v.Carter, 328 F.2d 573, 577 (9th Cir. 1964):
 ". . . [T]he trial court was not required to deny the 41 (b) motion even if the evidence, viewed in a light most favorable to the plaintiff, made a prima facie case. If, from the record as it stood at the close of plaintiff's case, the court was convinced that the evidence preponderated against Ellis, it was empowered to grant Carter's motion."
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.
[1] Rule 41 (b), FRCP, requires the trial court to make a finding of fact if it renders judgment on the merits against the plaintiff. Rule 41 (b), ARCP, eliminates the mandatory provision and states that the trial court may make findings pursuant to Rule 52 (a), ARCP.
[2] Allred v. Sasser, 170 F.2d 233 (7th Cir. 1948).
[3] Emerson Electric Co. v. Farmer, 427 F.2d 1082 (5th Cir. 1970); Weissinger v. United States, 423 F.2d 795 (5th Cir. 1970).
[4] Emerson Electric Co. v. Farmer, supra note 3; Ellis v.Carter, 328 F.2d 573 (9th Cir. 1964).