460 So.2d 144 (1984)
Jereme Lynn KENT, a minor of the age of 4 years, and his father and next friend, Gary Lynn Kent
v.
Howard Lee SIMS, Jr.
83-376.
Supreme Court of Alabama.
September 7, 1984.
After Remand November 21, 1984.
*145 Judy D. Thomas, Oneonta, for appellants.
Alexander M. Smith, Oneonta, for appellee.
MADDOX, Justice.
The issue presented on this appeal is whether the trial court, in a non-jury action, erred in granting a motion for a "directed verdict" in favor of the defendant in a dog bite case.
Appellant Gary Lynn Kent filed a complaint on his own behalf and on behalf of his minor son as father and next friend of Jereme Lynn Kent, alleging that appellee Howard Lee Sims, Jr. was negligent in failing to keep his dog properly confined. The Kents further alleged that the dog in question had a reputation for dangerous propensities, and that the owner of the dog, Sims, knew of these dangerous propensities. Young Jereme Lynn Kent was bitten by the dog on February 28, 1982, while he and his father were in Sims's home. The father testified that the child was lying on the floor next to the dog, a Doberman, when the incident occurred. After the child was bitten, he was taken to Blount Memorial Hospital for treatment.
Pictures depicting the child's injuries were introduced into evidence.
The father testified that he had known the dog in question approximately ten months and had the opportunity to observe the dog "a couple of hundred times." He testified that on several occasions prior to this incident he had seen the dog fighting with other dogs, but admitted he had never before seen the dog attack a person. Kent and his family had been frequent visitors in the Sims home and each time the dog was present, but was not confined.
The case was tried without a jury, and at the conclusion of the Kents' evidence, Sims moved for a "directed verdict," which we will treat as a motion for involuntary dismissal under Rule 41(b) Ala.R.Civ.P., because the case was tried without a jury. This motion was granted. The Kents' motion for a new trial was denied.
As previously stated, the issue is whether the trial court erroneously entered a judgment in favor of the dog owner, Sims. In comparing a Rule 41(b) motion to a motion for a directed verdict, the Chaney court stated that "[a] Rule 41(b) motion to dismiss is not the equivalent of a Rule 50 motion for a directed verdict, nor is the role of the trial court the same." Chaney v. General Motors Corporation, 348 So.2d 799, 801 (Ala.Civ.App.1977). The committee comments to Rule 41 elaborate on this distinction as follows:
"[I]n a jury case, Rule 50 applies and the court is limited to a question of law (thereby preserving jury trial right) as to the sufficiency of plaintiff's prima facie case. In a non-jury case, the court, under Rule 41(b), as ultimate trier of fact, is free to weigh the evidence and the credibility of the witnesses." *146 Ala.R.Civ.P. 41(b), Committee Comments (citing O'Brien v. Westinghouse Electric Corp., 293 F.2d 1 (3d Cir.1961)).
The Kents claim that the trial court should have viewed the evidence, and all reasonable inferences from it, in the light most favorable to their position. In Chaney, supra, a case similar to the case at bar, the plaintiff raised the same argument. Addressing this argument, the Chaney court stated:
"In this case the trial court was the trier of the facts, and in considering the evidence was not bound to view it in a light most favorable to the plaintiff, with all attendant favorable presumptions, but was bound to take an unbiased view of all the evidence, direct and circumstantial, and accord it such weight as he believed it entitled to receive."
Quoting Allred v. Sasser, 170 F.2d 233, 235 (7th Cir. 1948).
This rule must be read in conjunction with the ore tenus rule. Thus, the trial court's ruling need only be supported by credible evidence and will not be set aside unless it is clearly erroneous or palpably wrong or unjust. Peterson v. Jefferson County, 372 So.2d 839 (Ala.1979). In Peterson, this Court addressed the scintilla evidence rule, which the Kents contend should have been applied in this case. In Peterson, the Court held:
"The appellants finally contend that the action of the trial court in granting a motion for directed verdict was improper since they presented more than a scintilla of evidence to support their claims. Rule 50(c), ARCP. While their contention may be correct when there is a jury trial, this case was tried in a non-jury setting and we consider the appellees' motion to dismiss under Rule 41(b), ARCP.... Here the trial judge is the trier of fact and he weighs the evidence and credibility of witnesses. Committee Comments, Rule 41, ARCP. This rule, considered in conjunction with [the] ore tenus rule allows us to reverse the judgment of the trial court only where that judgment is palpably erroneous."
372 So.2d at 844.
The trial court granted Sims's motion on the grounds that the Kents failed to prove negligence or actual expenses incurred as damages. The trial court's judgment is supported by credible evidence.
Recently, this court summarized the elements necessary to impose liability in dogbite cases:
"`[The Court of Appeals] in Kershaw v. McKown, 12 Ala.App. 485, 68 So. 559 (1915), reiterated the common law rule that the owner of a dog is not liable for acts of the dog unless the owner had knowledge of the vicious propensities of the dog that resulted in the injury complained of.... This Court held in Owen v. Hampson, 258 Ala. 228, 62 So.2d 245 (1952), that the common law rule was still applicable in Alabama. The most recent case is Reddett v. Mosley, 45 Ala.App. 38, 222 So.2d 369 (1969), wherein the Court of Civil Appeals stated: "The rule is one of judicial notice and requires proof of the defendant's knowledge (actual or imputed) of the domestic animal's dangerous propensity as a sine qua non in the elements of the claimed negligence." 45 Ala.App. at 40, 222 So.2d at 370.
"`* * * *
"`Appellant cites Owen v. Hampson, in which this Court, quoting from a previous opinion, stated:
"`"Previous knowledge of the animal's vicious habits must be alleged and proved. But positive proof is not always necessary. It may be inferred from the circumstances. But the knowledge of the vicious habits of an animal need not refer to circumstances of exactly the same kind. All that the law requires to make the owner or keeper liable is knowledge of facts from which he can infer that the animal is likely to commit an act of the kind complained of."'"
White v. Law, 454 So.2d 515 (Ala.1984).
Here, the only evidence presented at trial relating to the vicious propensities of this *147 animal was that the animal would fight with other dogs. The father of the child bitten admitted that he had observed the dog in question "a couple of hundred times" but had never before seen it attack a person and admitted that he did not know of any such incident involving the dog prior to this incident. The trial court was authorized to find from the evidence that the dog's prior actions were insufficient to place Sims on notice or give him any reason to know of the dog's dangerous propensities. Consequently, we will affirm the trial court's finding that the owner of the dog was not liable for the injury if the case was tried on the theory of common law liability for negligence.
The Kents contend, however, that the case should be decided on appeal by considering the provisions of Code 1975, § 3-6-1, which create liability for the owner of a dog for injuries to a person who is bitten by the dog while on the owner's premises. The owner of the dog, Sims, in his brief on appeal, contends that the Kents are attempting to have the appeal considered on a theory different from the theory upon which the original trial was had. It is, of course, the law that a case will not be reviewed here on a theory different from that on which it was tried below. Bailey v. City of Mobile, 292 Ala. 436, 296 So.2d 149 (1974).
It appears that the case was tried on the theory of common law liability for negligence, but we cannot conclude, as a matter of law, that the Kents did not argue the applicability of Code 1975, § 3-6-1, et seq. in the trial court.
The defendant Sims, in his motion for a directed verdict, set forth a ground that "[t]he plaintiff has totally failed to prove the elements of a common law negligence case, specifically there has been no proof of negligence or the breach of any duty owed by the Defendant to the Plaintiff."
The trial judge, in his order, made the following findings and conclusions:
"The case was called for trial and the Plaintiff presented his case. At the close of the Plaintiff's case, the Defendant made a motion for a directed verdict and stated his specific grounds in support of said motion. Upon consideration of the legal evidence presented by the Plaintiff and the Motion for Directed Verdict, the Court finds that the Plaintiff has failed to prove any negligence on the part of the Defendant which would entitle the Plaintiff to a judgment against the Defendant on the theory of negligence. * *"
The plaintiffs filed a motion to set aside the order and grant them a new trial, and in their motion for new trial stated that "[t]his Court ruled that Sections 3-6-1, 3-6-2, and 3-6-3 of the 1975 Code of Alabama are unconstitutional, and this ruling is not reflected in the court order granting the directed verdict motion of the defendant." The trial court, on November 8, 1983, entered an order which stated: "After hearing arguments from both counsel on Motion for New Trial, be it ordered that Motion for New Trial be denied."
Because we cannot conclude, as a matter of law, that the case was not tried on the theory of liability set out in Code 1975, § 3-6-1, et seq., we conclude that it would be just to remand the cause to the trial court with directions to certify to this Court within 28 days (4 weeks), the theory upon which the case was tried. After we receive the certificate from the trial court, we will decide the case based upon the theory upon which the case was tried below.
REMANDED WITH DIRECTIONS.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.

AFTER REMAND
MADDOX, Justice.
After remand, the trial court certified to us the following order:
"This cause comes back before the Court by the Order of the Supreme Court of Alabama as opined in the case of Jereme Lynn Kent, et al. v. Howard Lee *148 Sims, Jr., Case Number 83-376, filed September 7, 1984, remanding the previous decision of this Court with directions that this Court certify the theory upon which the case at bar was tried. In consideration of the Supreme Court's Order remanding this case, the Court has given a careful review of all of the pleadings filed in this case, the bench notes and other entries made in the Court file, and a careful review of the transcript of all of the testimony and evidence offered by both parties to this cause.
"The Plaintiffs' pleadings in the case at bar set forth a common law negligence action demanding damages on behalf of both the minor child and his father for injuries sustained by the minor child as the result of a dog bite inflicted by an animal belonging to the Defendant. All of the Plaintiffs' evidence offered at the time of trial was directed to proof of the common law negligence action. The Court granted the Defendant's Motion for Directed Verdict since the Plaintiff failed to prove by competent evidence all of the requisite elements of a common law negligence action.
"The Plaintiff did not plea[d] nor offer any proof of the cause of action existing by virtue of Section 3-6-1, et seq., Code of Alabama, 1975, as amended. The Plaintiff and the Defendant joined issue on the Plaintiff's pleadings and the Plaintiff offered no proof of the elements of the statutory cause of action set forth in Section 3-6-1 during the presentation of the Plaintiff's case. The Plaintiff did not interject the statutory code provisions until the Plaintiff had rested his case and there was oral argument on the Defendant's Motion for Directed Verdict.
"The issue of liability under Title 3-6-1, et seq., of the 1975 Code of Alabama, was not raised by the Plaintiff until after resting of Plaintiff's case and during arguments on Defendant's Motion for Directed Verdict. This court carefully considered the applicability of said Code Section to the proof offered in said cause and is of the opinion that there was no evidence presented that would justify a verdict in behalf of the Plaintiff. Under the provisions of Section 3-6-1, et seq., the Plaintiff failed to offer the necessary proof to justify relief in behalf of Plaintiff as an invitee on the premises of the Defendant nor did the Plaintiff offer any evidence as to the actual expense as provided in Section 3-6-3, 1975 Code of Alabama.
"The case at bar was tried upon the common law negligence theory as set forth in the Plaintiff's Complaint."
Upon consideration of this order, we affirm, having already determined that the Kents are precluded from recovery on a theory of common law negligence.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.