Mary Jon Taylor, a resident of Georgia, appeals from an order of the trial court which denied her petition to hold her ex-husband, Manuel Nelson, a resident of Alabama, in contempt and dismissed her motion for reconsideration in an action brought under the Uniform Reciprocal Enforcement of Support Act (URESA).
Two issues are presented for our review: (1) whether the trial court erred when it determined that Nelson's support obligation *Page 179 
terminated when his child reached age 18, the age of majority in Georgia; and (2) whether the trial court abused its discretion when it dismissed Taylor's Rule 60(b), Alabama Rules of Civil Procedure, motion to reconsider on the grounds that it had been untimely filed.
The facts indicate that the parties were divorced in November 1976 by a decree of the Circuit Court of Coffee County. The decree awarded custody of the parties' two minor children to Taylor. The decree also incorporated an agreement reached between the parties in February 1977 which required Nelson to pay $25 per week child support. In 1986, approximately nine years after the divorce, Taylor initiated an action under URESA seeking to collect child support arrearages from Nelson totaling $11,900 as of April 2, 1986. On July 2, 1986, after an unrecorded hearing, the trial court issued the following order:
 "Because defendant established that he gave Mary Jon Taylor two houses and a pond to settle arrearages, no order will be issued as to arrearages.
 "However, the parties have one minor child, Mary Kalon Nelson. Based on the defendant's income and ability to pay Manuel W. Nelson is ordered to pay $40 per week for the support and maintenance of said child. First payment is to begin July 11, 1986. . . ."
On October 8, 1987, over a year after the 1986 court order, Taylor filed a contempt petition for nonpayment of support. Nelson ceased paying child support for his daughter, Mary Kalon, as of her eighteenth birthday in January 1987. Taylor sought arrearages totaling $1,520. She also filed a motion for reconsideration seeking to have a portion of the July 1986 court order set aside on the ground that Nelson had induced the court through fraud to deny the child support arrearage due. Following a hearing on March 3, 1988, the trial court denied Taylor's petition for contempt after determining that the child for which support had been sought had reached the age of majority in Georgia. The trial court also dismissed Taylor's motion to reconsider after finding that she had failed to comply with Rule 60(b)'s time constraint. Taylor then filed a motion for new trial or, in the alternative, a motion to alter, amend, or vacate the judgment, which the trial court denied. Taylor appeals from this decision.
Nelson argues, and the trial court found, that his obligation of support ceased when his daughter reached age 18, the undisputed age of majority in Georgia, the state where she has resided for many years. This portion of the trial court's decree is in error. To determine whether Alabama or Georgia law governs Nelson's support obligation, we must first look at Alabama's URESA, § 30-4-83, Ala. Code 1975, and § 30-4-84, Ala. Code 1975, which are set forth respectively as follows:
 "Duties of support arising under the law of this state, when applicable under section 30-4-84, bind the obligor present in this state, regardless of the presence or residence of the obligee."
§ 30-4-83, Ala. Code 1975.
Section 30-4-84 states:
 "Duties of support under this article are those imposed or imposable under the laws of any state where the obligor was present during the period for which support is sought. The obligor is presumed to have been present in the responding state during the period for which support is sought unless otherwise shown."
In the instant case, Nelson is the obligor and Alabama is the responding state. We, therefore, find that Nelson's duty of support is governed by Alabama law.
The parties' 1976 divorce decree required support payments until the age of majority. The age of majority in Alabama is 19. The power to raise or lower the aforementioned age is exclusively reserved to the legislature and outside the authority of the courts. Davenport v. Davenport,356 So.2d 205 (Ala.Civ.App. 1978).
The motion to reconsider challenged the trial court's finding that Nelson had satisfied the $11,900 child support arrearage by giving Taylor two houses and a pond to settle these arrears. Taylor claimed this aforesaid property belonged to her prior to the divorce. Taylor contends that the trial court abused its discretion when it dismissed her motion to reconsider for failure *Page 180 
to comply with the time limitation set forth under Rule 60(b). Rule 60(b) reads, in pertinent part, as follows:
 "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for [reason] (3) not more than four months after the judgment, order, or proceeding was entered or taken. . . . This rule does not limit the power of a court to entertain an independent action within a reasonable time and not to exceed three years after the entry of the judgment (or such additional time as is given by Tit. 7, §§ 36 and 42 (Code of Ala.) to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court."
We note at the outset that nomenclature is not controlling. Thus, the trial court properly treated Taylor's motion as a Rule 60(b) motion, even though the original motion for relief was designated as "Motion to Reconsider." Ex parteHartford Ins. Co., 394 So.2d 933 (Ala. 1981).
The decision of whether to grant or deny a Rule 60(b) motion falls within the judicial discretion of the trial court. The trial court's decision will be upheld unless abuse of discretion is shown. Pittman v. Pittman,397 So.2d 139 (Ala.Civ.App. 1981). To determine whether the trial court abused its discretion when it refused to grant Taylor's relief under Rule 60(b), we must examine the grounds and matters presented in support of the motion. Marsh v.Marsh, 338 So.2d 422 (Ala.Civ.App. 1976). As grounds for the motion, Taylor argued that the court relied upon misrepresentations made by Nelson when it denied her relief in its 1986 court order.
Taylor maintained in a Rule 59 motion and in brief that her motion to reconsider should be characterized as either an independent action for fraud upon the court or as a Rule 60(b)(6) motion. The independent action provision contained in Rule 60(b) provides that a judgment may be set aside within three years after its entry for fraud upon the court. It is well settled, however, that perjury or false swearing is not fraud upon the court. Mitchell v. Morgan,491 So.2d 981 (Ala.Civ.App. 1986).
The proper procedure for Taylor would have been to file a motion under Rule 60(b)(3). However, a motion for relief from judgment under Rule 60(b)(3) must be filed within four months after the judgment has been entered or taken. This was not done.
A party may not escape the time limits set forth in Rule 60(b)(1) through (5) merely by characterizing his motion as a Rule 60(b)(6). Ex parte Hartford, supra. Relief is available under Rule 60(b)(6) only when the following two prerequisites have been met: (1) the motion must be based on some reason other than those stated in clauses 60(b)(1) through (5); and (2) the reason urged for relief must be such as to justify relief. 7 Moore's Federal Practice
§ 60.27(1), p. 266 (2d ed. 1985).
Here it is clear that relief sought by Taylor is based on one of the reasons — fraud — stated in 60(b)(1) through 60(b)(5). In addition, relief is justified under Rule 60(b)(6) only when the party is able to show extraordinary and compelling circumstances. Charles Townsend Ford, Inc.v. Edwards, 374 So.2d 900 (Ala.Civ.App. 1979). The facts of the instant case do not indicate such extraordinary and compelling circumstances. After reviewing the record, we cannot say that the trial court abused its discretion when it refused to grant relief.
This case is due to be affirmed in part and reversed and remanded in part with instructions to enter an order consistent with this opinion.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART WITH INSTRUCTIONS.
BRADLEY, P.J., and HOLMES, J., concur. *Page 181