Merritt Oil Company, Inc. (Merritt) filed a complaint against Doug Harwell, individually and doing business as Port City Drayage, Inc. (Harwell), seeking to recover $5,949.10 for petroleum products furnished Harwell. Merritt subsequently filed a motion for summary judgment with an attached affidavit. Harwell submitted no evidence opposing the motion. On July 22, 1988 summary judgment was entered in favor of Merritt "by consent of parties." On August 26, 1988 Harwell filed a posttrial motion styled "Motion to Reconsider" asking the trial court to reconsider the grant of summary judgment against Harwell individually. In an attached affidavit Harwell asserted that "[a]t no time did I as an individual personally contract with Merritt Oil for the purchase or use of any of its products." The motion was denied on September 30, 1988. On October 18, 1988 the trial court amended the summary judgment order "nunc pro tunc" by replacing "by consent of parties" with "by Court." On October 28, 1988 Harwell filed a second "Motion to Reconsider" under Rule 60(b) and alleged that the entry of summary judgment against Harwell as an individual "was as a result of mistake, inadvertence, surprise or excusable neglect." The motion was denied. Harwell appeals.
From what we are able to glean from the brief of Harwell, it appears that his contention is that his motions, which he asserts "were in effect motions under Rule 60(b)," should have been granted because they supplied the trial court with "uncontroverted evidence" that Harwell did not do any business with Merritt as an individual. Harwell's perceived argument is without merit for a number of reasons.
Harwell asserts in brief that the motion to reconsider filed on August 26, 1988 was "in effect" a Rule 60(b) motion. *Page 566 
In reviewing the pleading, we find the motion to be a Rule 59(e) motion in both form and substance. We reach this conclusion because Harwell's pleading fails to allege or establish any ground justifying relief under Rule 60(b).Cornelius v. Green, 477 So.2d 1363 (Ala. 1985). A Rule 59(e) motion must be filed within thirty days of the judgment. Harwell's motion was filed thirty-five days after entry of summary judgment. The trial court did not err in denying the requested relief.
Denial would have also been proper even if the trial court could have considered the pleading as a Rule 60(b) motion. The issue which was raised in the August 26, 1988 pleading should have been raised prior to summary judgment. Rule 9, A.R.Civ.P. As first indicated, Harwell failed to submit any evidence opposing the motion. "Rule 60(b) is an extraordinary remedy and is not to be used for the purpose of relieving a party from a free, calculated, and deliberate choice he has made."Porter v. Mobile Pulley Machine Works, 507 So.2d 529, 530
(Ala.Civ.App. 1987).
We construe Harwell's second "Motion to Reconsider" filed on October 28, 1988 to be nothing more than a motion for the trial court to reconsider its previous order denying the August 26, 1988 "Motion to Reconsider." Harwell presents nothing to the court which the trial court had not previously considered in its ruling on the August 26, 1988 motion.
 "[T]he Rules of Civil Procedure do not authorize a movant to file a motion to reconsider the trial judge's ruling on his own post-judgment motion. . . . In the usual case, after a post-judgment motion has been denied, the only review of that denial is by appeal; a judge has no jurisdiction to 'reconsider' the denial."
Ex parte Dowling, 477 So.2d 400, 404 (Ala. 1985). The trial court did not err in denying the October 28, 1988 motion.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.