SAM A. BEATTY, Retired Justice.
The State, on behalf of Nancie J. English, appeals from a judgment modifying a prior child support order. We reverse and remand.
No record of the hearing below was made; however, the parties stipulated to an amended statement of the evidence, which the trial court adopted for inclusion in the record on appeal. The pertinent portions of that statement follow:
“1. The parties, Nancie J. English and Lee J. Troisi, had one child, ... date of birth August 24, 1979. On the 19th day of August, 1985, the Defendant [Troisi] was ordered to pay child support in the amount of $80.00 per month current support. The order remained in the amount of $80.00 per month at the time a Modification Petition for Support was filed by the State of Alabama ex rel. Nancie J. English on the 19th day of May, 1993.
“2. At the hearing on April 14, 1994, the Court required the parties to submit the A.R.J.A., Rule 32, Form CS-41 ‘Child Support Obligation Income Statement/Affidavit’ with their respective incomes. Nan-cie J. English resides in the State of Pennsylvania and was not present at the hearing; however, a notarized Form CS-41 ‘Child Support Obligation Income State-menVAffidavit’ was submitted to the court on her behalf. The Defendant, Lee J. Troisi, by and through his attorney of record, submitted a notarized Form CS-41 ‘Child Support Obligation Income State-menVAffidavit.’ The Form CS^41 showed a gross income of $1,950.00 per month for Nancie J. English. Further, the Form CS-41 showed a gross income of $2,000.00 per month for the Defendant, Lee J. Troisi with insurance costs of the minor child of $200.00 per month.
*659 “3. The court requested the Plaintiff [English] and Defendant to submit a Form CS-42 ‘Child Support Guidelines’ supporting each party’s position as to the calculation of the modified support. In the calculation submitted by the Defendant, the Defendant was credited $318.00 against his monthly gross income for the Defendant’s younger child residing in his home, which child was born after the initial award of support was entered and for whom another order of support had not been entered. The amount was derived by using an imputed preexisting child support obligation as specified in the schedule of basic child support obligation based on the Defendant’s unadjusted gross income and the number of other children for whom the Defendant is responsible. The fact that this child was born after the initial award of support was entered and was in the custody of the Defendant, pursuant to the Divorce Decree of the Defendant and the child’s mother entered on January 9, 1989, was made known to the court. It was also made known to the court that the custody order for the child in Defendant’s custody did not require the child’s mother to pay support. The Decree of January 9, 1989, awarding custody of the child to Defendant was in full force and effect when the Petition to Modify was filed by Nancie J. English on May 19, 1993.
“In the calculation submitted by the State of Alabama, the Defendant was not credited for the after-born child. After consideration, the court accepted the submission of the Defendant and signed the Form CS-43 ‘Notice of Compliance’ indicating that the child support guidelines had been complied with. The Form CS-42 calculation submitted by the State of Alabama was rejected and returned to State’s counsel. That submission does not appear in the record on appeal.
“4. Based on the foregoing, the court modified the prior order and entered an order that the Defendant pay $124.00 current child support. In addition the Defendant was ordered to pay $60.00 per month on arrears, interest and retroactive child support to date of filing, in the amount of $2,178.36.”
Thus, the record discloses that the parties informed the trial court that the father had custody of a child born after the entry of the original order of support for these parties’ child, and that the mother of this younger child had not been ordered to pay child support. The record contains no evidence to indicate the expenses of supporting that younger child in the father’s home, and no evidence indicating that the father has sought support from that child’s mother or that that child’s mother could contribute to her support.
Rule 32(B)(6), Ala.R.Jud.Admin., mandates that “[i]f the proceeding is one to modify an existing award of support, no deduction should be made for other children born ... after the initial award of support was entered, except for support paid pursuant to another order of support.” (Emphasis added.) Nevertheless, the trial court allowed the father a credit of $318 per month against his gross income for the support of the younger child now residing in his home, by imputing a support obligation contained in the guidelines. Such an allowance was error. This court has already determined that “[c]learly, a deduction may not be made for children born or adopted after the initial award of support unless pursuant to another order of support when determining the amount of child support to be paid pursuant to the guidelines.” Loggins v. Houk, 595 So.2d 488, 489 (Ala.Civ.App.1991). This court went on to state, however, that a trial court may consider evidence of a parent’s increased expenses because of other children in determining whether the application of the child support guidelines would be manifestly unjust or inequitable. Here, the trial court simply gave the father a deduction as if the younger child’s mother had been awarded custody and as though the father had been ordered to pay $318 each month as child support. Under the circumstances, this was clearly contrary to the guidelines. Such an error requires reversal. Simmons v. Ellis, 628 So.2d 804 (Ala.Civ.App.1993).
This court addressed the proper calculation of the guideline amount on remand in a case such as this in Low v. State ex rel. *660 Wattman, 602 So.2d 435 (Ala.Civ.App.1992), wherein we stated that “[although [the trial court] could have considered evidence of the expenses because of the father’s two additional children in determining whether application of the child support guidelines would be manifestly unjust or inequitable, such evidence was not before the court.” 602 So.2d at 439 (emphasis added). Likewise, the trial court here could have considered evidence regarding the father’s additional expenses incurred in supporting the younger child, but as in Low, no such evidence was before the court from which it could make a finding that the application of the guidelines would be unjust or inequitable. Accordingly, the judgment must be, and it hereby is, reversed, and this cause is remanded with directions to the trial court to determine the correct amount of child support, using $2,000 as the father’s gross monthly salary, allowing no deductions from that salary for the younger child in his home, and applying the guidelines for one child. Low, 602 So.2d at 439.
The father asks this court to award a $2,310 attorney fee for services rendered on this appeal, apparently on the ground that, while he was required to employ a lawyer, English was furnished a lawyer by the State at no cost to her. The father has cited no authority in support of his request, and we have found none in the legal literature. It follows that his request for an attorney fee must be denied.
Let the judgment be reversed and the cause be remanded with directions.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12 — 18—10(e), Ala.Code 1975.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.