This is a child support modification case.
The father appeals from a child support modification issued by the Jefferson County Circuit Court, requiring him to pay $480 a month support for his daughter.
Viewing the record with the attendant presumptions, we find the following is pertinently revealed: The father and mother were divorced in 1968 with custody of their only child being awarded to the mother. The father was ordered to pay $150 per month child support.
In 1978 the parties consented to changing custody from the mother to the maternal grandmother. The father's child support obligations were increased to $225 per month to increase at the rate of $25 per month until a maximum of $300 was reached. This maximum had been reached prior to the present proceeding.
The grandmother, as intervenor, brought the current petition for modification, alleging "significant change in circumstances." The trial court, after an ore tenus hearing, granted the grandmother's petition and increased the father's child support obligation from $300 per month to $480 per month.
The father appeals and we affirm.
The father, on appeal, contends that the trial court erred and abused its discretion in finding a material change in circumstances adversely affecting the welfare of the child. We disagree.
The primary consideration in every child support modification proceeding is the welfare of the child, and the party seeking to modify support provisions of a prior decree has the burden of proving changed circumstances affecting the welfare of the child. Fricks v. Fricks, 428 So.2d 80 (Ala.Civ.App. 1983).
The determination of whether to modify a prior decree of child support is based upon a showing of changed circumstances regarding the child's needs and the ability of the parent to satisfy those needs. Such determination is a matter within the sound discretion of the trial court. Murphy v. Murphy,450 So.2d 143 (Ala.Civ.App. 1984). That discretion will not be reversed on appeal unless it is such an abuse of discretion as to be plainly and palpably wrong. Hamilton v. Hamilton,428 So.2d 65 (Ala.Civ.App. 1983).
The evidence showed that the child was about to graduate from high school and would be attending college, thus necessitating the need for more support. Further, because the child had worn school uniforms to her Catholic high school, she was in need of a wardrobe for a young woman.
In addition, it was demonstrated that, while the child's needs had increased since the 1978 modification, the father's income had shown a dramatic increase. The income of the father at the 1978 proceeding was shown to be $28,000. His current salary is $63,000 per year.
Finally, it was shown that the grandmother and child have a one-bedroom, one-bath apartment that they will soon have to give up due to renovation. It was shown that, due to this move, their rent would increase $300 per month. The father, on the other hand, just purchased a $220,000 home in Virginia with an $82,000 down payment. The father pays an amount equal to his child support obligation on a car loan.
It is interesting to note that the father complains that the child support modification is unjustified due to the grandmother's austere handling of funds, i.e., the grandmother had accumulated some funds for the child's use. It would appear that the father would have us impose a requirement that a party seeking modification prove *Page 731 
himself virtually destitute in order to prevail. This we cannot accept.
In light of the above, we cannot say that the trial court abused its discretion in modifying the child support obligations of the father.
The grandmother has requested an attorney's fee for representation on appeal. An attorney's fee of $750 is hereby granted.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.