HOLMES, Judge.
This is a child support modification case.
*1017 Following ore terms proceedings, the trial court increased the husband’s child support obligations from $125 to $260 per month.
The husband appeals and we affirm.
The husband dispositively contends that the trial court’s action increasing his child support payments is reversible error. We disagree.
We note at the outset the following well-settled law regarding a trial court’s modification of child support:
“Child support payments may be modified where there has been a material change in the circumstances since the entry of the last judgment which awarded child support. Ex parte Boley, 392 So.2d 840 (Ala.1981). The trial court has a judicial discretion to exercise in determining whether child support should be modified and the extent of any modification, and its decision thereon will not be disturbed on appeal unless it was palpably wrong. Fuller v. Fuller, 428 So.2d 94 (Ala.Civ.App.1983)_ The increase in the age and in the needs of the children, inflation, and the ability of the parents to provide for their support are among the most important factors to be considered by the trial court in determining whether such a material change of circumstances has occurred as to authorize a modification in the amount of child support. Moseley v. Moseley, 476 So.2d 112 (Ala.Civ.App.1985).”
Lyle v. Lyle, 497 So.2d 154, 155-56 (Ala.Civ.App.1986).
Viewing the record with the attendant presumptions, we find the following is pertinently revealed: The parties were divorced in 1978 with the custody of the minor child awarded to the wife and the husband ordered to pay $125 per month in child support. The husband was awarded visitation privileges, and he was also permitted to claim the child as a dependent for tax purposes.
On the wife’s petition to modify the divorce decree in 1984, the trial court disallowed the husband’s right to claim the child as his dependent, giving the right instead to the wife for the next tax year. The court made no further modification at that time.
In November 1986, the instant proceedings were instituted. The husband petitioned the trial court regarding visitation privileges, and the wife countered, requesting an increase in child support.
At the time of the trial of the case in January 1987, the female child in question was in adolescence. There is some indication that the child was eleven years of age in 1986.
There was evidence that the wife’s costs associated with supporting her daughter had substantially increased since 1984. In fact, there was evidence that the wife’s child-caring expenses were $350 per month more in 1987 than in 1984. This increase was attributed to the older age of the child and the attendant rise in the cost of clothes, as well as the increasing demands made by school and social activities and the costs associated with them. The wife testified that the total cost of supporting her daughter at the time of trial was in excess of $800 per month.
There was further evidence that, while the wife’s income had increased by approximately $4,000 since 1984, this was in part attributed to the fact that she was holding four different jobs at the time of the instant trial.
The husband remarried approximately four years after the divorce. This union produced two children. The husband’s present wife’s parents provided much of the support for these two children. Furthermore, the husband’s income had increased by approximately $7,000 from 1978 to 1986. After the husband changed jobs in 1986, the husband’s income decreased to a gross salary of approximately $352 per week. However, his new job carried with it a complete expense account, covering travel, meals, and living expenses. In addition, his new wife is employed, and in the months leading up to the hearing in this case, the couple had made major expenditures on their home, including the addition of two bedrooms, a den, kitchen, carport, driveway, and a chain-link fence. The cou- *1018 pie had also purchased two new 1987 vehicles.
In view of the above, there was ample evidence to support the trial court’s conclusion that there had been a material change of circumstances dictating an increase in the husband’s child support payments.
The husband also makes two other contentions of error on appeal. He argues that the trial court erred to reversal in its appointment of counsel pursuant to Rule 24, Alabama Rules of Civil Procedure, to represent the child in this case and, additionally, that the trial court erred to reversal in allowing certain bank records to be introduced. We disagree as to both contentions.
This court has, needless to say, serious reservations about the appointment of counsel in the instant case pursuant to Rule 24, A.R.Civ.P. However, clearly under the facts of this case, we do not consider the trial court’s action to be reversible error.
To this court, we fail to see how such appointment of counsel in any way affected the outcome of this particular case. We would note that the husband does not suggest in brief that the appointment of such counsel was, in fact, prejudicial to him. It is well settled that an error must be prejudicial to be reversible. Rule 45, Alabama Rules of Appellate Procedure; Stewart v. Stewart, 354 So.2d 816 (Ala.Civ.App.1978). We thus find no reversible error.
Similarly, the husband’s contention that the admission of certain bank records over his objection constituted reversible error is without merit. He contends that, despite the trial court’s statement that it did not consider such evidence in modifying the husband’s child support obligations, the court “did consider the bank records because there was simply no other evidence which could have possibly justified an increase in. the husband’s child support payments from $125.00 per month to $260.00 per month.”
As indicated above, there is evidence without consideration of the “bank records.” Put another way, the stated evidence is without resort to any admitted “bank records.”
Therefore, again the trial court’s action was not prejudicial to the husband and does not provide grounds for reversal on appeal. Rule 45, Alabama Rules of Appellate Procedure; Sams v. Equitable Life Assurance Society, 402 So.2d 999 (Ala.Civ.App.1981). We should not be understood as stating that the admission of the bank records was error, only that, if considered to be error, such was harmless.
The wife has requested an attorney's fee for representation on appeal. A fee of $500 is awarded.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.