This is a petition-to-modify case involving the child support guidelines.
Richard L. Brandt (appellant) and Sharon Brandt Riordan (appellee) were divorced by final decree on June 19, 1987, after an ore tenus proceeding in the Circuit Court of Montgomery County. Following another ore tenus hearing on a motion to amend, an amended order was entered on August 3, 1987. The pertinent parts of the two orders regarding this appeal are the custody and child support orders. The June 19 decree granted custody of the two minor children to appellee and ordered certain child support provisions which included the payment of $450 per month per child by appellant. The August 3 order, among other things, amended that amount down to $375 per month per child. No appeal was taken.
On March 8, 1988, pursuant to a joint petition to modify wherein both parties were represented by counsel, the final decree of divorce was modified by placing custody of one minor child with appellant and terminating the child support as to that child. No request was made regarding the remaining child support payment.
On August 17, 1988, appellant filed a petition to show cause and for modification. No issue is before this court as to the show cause part of the petition, only the modification part wherein appellant sought a reduction of the remaining child support payment. After an ore tenus proceeding the trial court entered an order on December 22, 1988, making certain findings and reducing the child support payment to $325 per month and reducing some of appellant's medical expense obligations. On January 20, 1989, appellant filed a motion to alter, amend or vacate judgment wherein his main argument was that the amount of $325 substantially deviated from the provision of Rule 32 of the Alabama Rules of Judicial Administration, child support guidelines. Following another ore tenus proceeding, the trial court entered an order on February 15, 1989, making extensive findings of fact and denying appellant's motion. This appeal follows.
The single issue argued by appellant is that the award by the trial court was an abuse of discretion when compared to the child support guidelines.
Rule 32, Rules of Judicial Administration, became effective on October 1, 1987. As noted in section (A) of Rule 32, the guidelines are not binding on the courts and are intended to be guidelines only, Davis v. Davis, 535 So.2d 183 (Ala.Civ.App. 1988).
In the parties' joint petition to modify in March 1988, after the guidelines had been in effect over five months, no request was made of the trial court to consider the guidelines in regard to the remaining child support payment.
The record reflects that the appellant did not object to the remaining $375 support payment until the August 1988 petition was filed. Following an ore tenus proceeding, the trial court did in fact reduce the child support payment to $325 per month, due to a slight decrease in appellant's gross income and slight increase in appellee's gross income.
The modification of child support is a matter strictly within the trial court's discretion and will not be disturbed upon appeal unless there is a clear abuse of discretion. *Page 571 Bass v. Bass, 475 So.2d 1196 (Ala.Civ.App. 1985).
Finding no abuse of discretion by the trial court, we affirm.
The appellee's request for an attorney's fee is granted in the amount of $500.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.