ROBERTSON, Judge.
This case involves post-divorce proceedings.
The parties were divorced July 30, 1986. As a part of the divorce decree the mother was awarded custody of the two children, with certain visitation rights provided for the father. Inter alia, the father was ordered to pay child support of $125 every two weeks and maintain the medical and dental insurance on the children he presently had through his employment. The mother subsequently filed a petition for rule nisi on July 28, 1988, alleging that the father had willfully failed to comply with the terms of the divorce decree by failing to pay child support, failing to maintain insurance, and failing to return a bedroom suite.
The father counter-petitioned for a rule nisi, alleging that the mother had failed to comply with the terms of the divorce decree in that she had refused to allow visitation as ordered. The father also sought modification of the decree, seeking custody of the children, or alternatively, joint custody with the father to maintain actual physical custody, or alternatively, to expand his visitations and communications with 'the children. Additionally, the father alleged that his income had decreased since the original decree and requested that his child support obligations be reduced.
An ore tenus proceeding began on November 4, 1988, with the mother’s attorney calling the father as her first witness. After extensive examination by the mother’s attorney and the trial court, and limited cross-examination by the father’s attorney, court was adjourned. On November 14, 1988, court reconvened, with the father still on the stand. However, no more formal testimony was taken and the trial proceeded in a rather informal manner, with the trial court soliciting conclusions from both attorneys to resolve the issues. The father was not allowed to present any additional testimony, nor was he given an opportunity to present any other witnesses on his behalf. The mother did not testify.
The trial court then entered an order finding the father in contempt of court for not attempting to relieve the mother of a bank debt and for failing to turn over some photo albums, and modifying the divorce decree by increasing the father’s child support obligations from $125 to $225 every two weeks. The father timely filed a motion for a new trial or to alter, amend, or *1275 vacate the judgment, which suffered a Rule 59.1, Alabama Rules of Civil Procedure, denial. The father appeals.
The dispositive issue on appeal is whether the trial court abused its discretion by finding the father in contempt and modifying the judgment of divorce.
A presumption of correctness attaches when the trial court receives ore tenus evidence, and we must affirm unless the evidence shows the trial court to be palpably wrong. Blankenship v. Blankenship, 534 So.2d 320 (Ala.Civ.App.1988).
The father first argues that the trial court abused its discretion by increasing child support. He contends that his earnings have substantially decreased since the entry of the divorce decree, and, further, that there was no evidence to show any increase in the needs of the children.
The evidence revealed that, although the father was working two jobs, his income had decreased since the original decree. The mother offered no evidence to show that the cost of caring for the children had increased or changed. We have held that the determination to modify a prior decree of child support is based upon a showing of changed circumstances regarding the children’s needs and the ability of the parent to satisfy those needs. Stiefelmeyer v. Stiefelmeyer, 485 So.2d 729 (Ala.Civ.App.1986).
In the instant case, there was evidence presented regarding unpaid bills resulting from the father’s failure to provide medical and dental insurance for the children through his employment as the divorce decree ordered. The evidence showed that the father had changed employment, thereby causing the insurance referred to in the divorce decree to terminate. At best, the evidence supports some finding regarding an arrearage of unpaid medical expenses. There is absolutely no evidence in the record before us to support increasing the child support payments.
The father next argues that the trial court abused its discretion in finding him in contempt for failing to attempt to arrange to relieve the mother of a bank debt, and for failing to turn over some family photo albums.
The rules permit a trial court to accept evidence and grant relief as to issues not raised in the pleadings, Rules 15(b) and 54(c), A.R.Civ.P. We have upheld judgments not based on specific pleadings when the evidence has supported the judgments. Martin v. Martin, 479 So.2d 51 (Ala.Civ.App.1985); Sizemore v. Sizemore, 423 So.2d 239 (Ala.Div.App.1982); and Parrish v. Parrish, 365 So.2d 1237 (Ala.Civ.App.1979). In the instant case, the mother did not raise either of the issues in her pleadings, nor did she offer any evidence to support the findings.
We are cognizant of the presumptions of correctness which attach to a trial court’s findings based on ore tenus evidence; however, when the record does not support the judgment, we have no alternative but to reverse.
For reasons cited above, the judgment of the trial court is reversed and the case remanded for a judgment consistent with this opinion.
The mother’s request for attorney’s fee on appeal is denied.
REVERSED AND REMANDED WITH DIRECTIONS.
INGRAM, P.J., and RUSSELL, J., concur.