This is an appeal from a modification of child support.
The procedural history of this case is complex, but the essential facts are as follows. Pursuant to a 1987 decree, the father was granted custody of the parties' two minor children. In 1988, the mother petitioned for custody and requested child support.
In response to the mother's petition, the court entered an order which, among other things, awarded custody to the mother and visitation rights to the father, granted child *Page 266 
support to the mother, and ordered that medical and dental expenses not otherwise covered by the father's insurance or military benefits (hereinafter, excess medical and dental expenses) be divided so that the wife was to pay forty-one percent of the remainder and the father the other fifty-nine percent.
One day after the decree was entered, the mother filed a motion to set it aside, alleging that she had "reason to believe the Respondent (father) did not reveal his true income." The court granted the mother's motion to set aside and rescheduled the hearing for September 7, 1988.
However, on July 17, 1988, the father went to Stuttgart, Germany, where he was stationed with the United States Army. Because of his relocation, the father requested the court to stay the proceedings until he could return to the United States.
The court proceeded, however, with the hearing and redetermined the father's child support obligation. In recalculating that amount, the court included in the father's gross monthly income three amounts not previously included — basic allowance for quarters (BAQ), variable housing allowance (VHA), and separate rations (BAS).
Due to the inclusion of those three amounts in the father's income, his child support obligation, when calculated according to Alabama Rules of Judicial Administration, Rule 32, increased substantially. The court also redetermined the obligation of the parties concerning the excess medical and dental expenses. The new order provided that the father would be responsible for sixty-seven percent of these expenses and the mother for the other thirty-three percent.
Following the entry of this order, the father filed a motion to have it set aside and to grant him a new trial. In response, the court held a hearing, and the parties agreed to give the father six months to return to Alabama, at which time the court would hold another hearing and allow the father to present evidence concerning his gross income.
That hearing was ultimately held on September 6, 1989, and following the presentation of evidence ore tenus, the court once again redetermined the father's income and the amount of his child support obligation. In this order, the court did not include the BAQ, VHA, or BAS amounts. Consequently, the child support obligation decreased. The apportionment of excess medical and dental expenses was also altered a final time, and the parties now share those expenses equally.
It is from this final order that the mother appeals. She asserts that pursuant to subsection (B)(4) of Rule 32, A.R.J.A., the court was required to include the BAQ, VHA, and BAS amounts, as well as the father's new wife's income, in the father's gross income.
We note that the child support order appealed from was entered while Rule 32, A.R.J.A., was not binding on the courts and was intended to set out child support guidelines only.See, Brandt v. Riordan, 547 So.2d 569 (Ala.Civ.App. 1989). Further, child support modifications are within the trial court's discretion, and this court will not reverse on appeal absent a clear abuse of discretion. Brandt.
In view of the fact that Rule 32, A.R.J.A., was only a guideline for determining support awards and was not mandatory at the time of the court's order, we cannot find that the trial court erred in not including the BAQ, VHA, or BAS amounts in the father's gross income. Further, the evidence at trial was that the father did not even receive the BAQ or VHA payments. Likewise, we find no case law, and the appellant cites us to none, requiring that the new wife's income be included in the father's income when establishing the amount of his support obligation. Simply put, the amount of child support to be awarded in a case is discretionary with the court, and, here, we find no abuse of discretion. Brandt.
Concerning the division of excess medical and dental expenses, the record is clear that the father's military status will entitle the children to care at military facilities. We find no abuse of discretion in the *Page 267 
court's decision that any medical and dental care treatment not so covered will be shared equally.
Finally, the mother contends that the trial court erred in not awarding her attorney's fees. Whether attorney's fees will be awarded is a decision committed to the sound discretion of the trial court. Chandler v. Chandler, 501 So.2d 1234
(Ala.Civ.App. 1987). Further, such a decision will not be reversed on appeal absent an abuse of discretion. Chandler. Here, we find no such abuse.
The judgment of the trial court is affirmed.
The mother's request for attorney's fees on appeal is denied.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.