ROBERTSON, Judge.
This is a child support modification case.
The parties were divorced in 1982. Pursuant to the divorce decree, the husband was ordered to pay $1,000 per month for the support of the parties’ two minor children, who at that time were ages three and five. Further, the decree provided that if the wife remarried, her alimony would be discontinued and the child support would increase to $2,000 per month.
The wife did remarry in 1986, and the support payments increased accordingly to $2,000. Then, on February 23, 1989, the wife filed a petition to modify the child *813 support. In response, husband stipulated that he was able to provide reasonable support for the children based on their needs. A hearing was then held in which evidence was presented to the trial court ore tenus, and the court ordered a $600 increase in the monthly support payments. In short, the husband’s monthly child support obligation is now $2,600 per month.
The wife appeals, asserting that the trial court erred in two respects. First, she maintains that the court abused its discretion in not following the child support guidelines set forth in Alabama Rules of Judicial Administration, Rule 32, and, next, she asserts that the increase from only $2,000 to $2,600 was also an abuse of discretion.
Initially, we note that for all actions instituted prior to October 9, 1989, the guidelines were just that, guidelines. A.R. J.A., Rule 32 (as amended August 29, 1989); Brandt v. Riordan, 547 So.2d 569 (Ala.Civ.App.1989). Thus, the trial court was not bound to strictly adhere to the amount of child support enumerated in the guidelines. Brandt.
We would also note that even if the guidelines, as amended, were applicable, this particular case would be governed by the provision found at A.R.J.A., Rule 32(C)(1), which provides:
“The court may use its discretion in determining child support in circumstances where combined adjusted gross income is below the lowermost levels or exceeds the uppermost levels of the schedule.”
Here, the father testified that his salary alone in 1988 was $175,000, which, if divided by 12, would equal an amount above the uppermost level of monthly income set forth on the schedule. Thus, even if the guidelines were applicable, the court would simply exercise its discretion in reaching an appropriate child support figure. See Belser v. Belser, 558 So.2d 960 (Ala.Civ.App.1990), (holding that for incomes falling below the lowermost amount on the schedule, the trial court also exercises its discretion).
In short, the dispositive issue in this case is the same regardless of whether the guidelines are applied: Did the trial court abuse its discretion when it only increased the child support in an amount of $600 per month?
Child support obligations may be modified upon a showing that a material change in circumstances has occurred since the trial court’s last judgment awarding child support. Bowles v. Bowles, 529 So.2d 1016 (Ala.Civ.App.1988). Further, child support modification is an area within the discretion of the trial court and will not be reversed unless it reflects an abuse of discretion. Brandt.
The father stipulated he had the earning capacity to accommodate an increase in his support obligation so as to adequately provide for the children. Thus, the court was free to exercise its discretion and determine an amount that would adequately provide for the needs of the children.
We note that the children are older and that the wife has moved to an area close to Atlanta that has a higher cost of living. Both of these facts could properly be considered by a trial court in making a decision to modify child support. Bowles. Likewise, the court could consider the husband’s income. Bowles. However, we also note that the wife is remarried, has investment income and chooses not to work outside the home. In short, we cannot find that the trial court abused its discretion when it modified the child support so as to reflect only a $600 increase. Simple mathematics indicate that the husband’s annual support obligation is now $31,200, which exceeds the maximum amount provided for in the guidelines of $18,504 per year for two children (i.e., $1,542 x 12).
The judgment of the trial court is affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.