L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were divorced in 1985. The father was ordered to pay $150 per month in child support for the three minor children born of the marriage. In April 1990 the mother filed a petition to modify the child support. Following an ore tenus proceeding, the trial court found that there had been a sufficient change in circumstances to warrant a modification. The court applied the child support guidelines and increased the support payments to $450 per month for the two children remaining in the custody of the mother. It further ordered the father to pay all medical expenses incurred by the minor children not covered by insurance. The father filed a motion for new trial, which was denied by operation of law. The father appeals.
The father asserts that the trial court abused its discretion in ordering the increase in child support and in ordering that he pay all medical expenses. He contends that he is unable to pay the increase, based upon his poor financial condition.
There appears to be no dispute that a material change of circumstances has occurred. The mother’s ability to sufficiently provide for the children substantially decreased due to her forced unemployment as a result of the closing of Brockway Glass, Inc. The mother has gone from making approximately $18,000 per year to being unemployed. Her gross monthly earnings, including unemployment compensation, amount to approximately $630. There was evidence presented that the needs of the two children in the mother’s custody have also increased.
The record reflects that the father is employed with the Alabama Department of Corrections. His gross monthly earnings, including National Guard pay, are approximately $2,400. He asserts that his monthly salary, however, is offset by alleged monthly expenses of $2,646. These expenses include a monthly support payment to a child who was adjudged in a paternity proceeding to be the child of the father and the daily expenses incurred in supporting his three-year-old child and a stepchild from his current marriage.
Rule 82(A), A.R.J.A., establishes a rebuttable presumption that the correct amount of child support results from the application of the guidelines. In order to rebut the presumption, the party contesting the application of the guidelines must present evidence that the application would be manifestly unjust or inequitable. The trial court must make a finding of such an effect.
The trial court determined that the application of the guidelines was appropriate in this instance. Mindful of the ore tenus presumption, Cooper v. Cooper, 494 So.2d 109 (Ala.Civ.App.1986), our review of the record supports the trial court’s determination. This case is affirmed.
The mother’s request for an attorney’s fee on appeal is granted in the amount of $500.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.