The petitioner, Hollinger F. Barnard ("the mother"), and William Dean Barnard ("the father") were divorced in the Circuit Court of Tuscaloosa County on April 8, 1988. An agreement between the parties provided for the father to pay child support for the parties' two minor children, Joshua Bates Barnard ("Josh") and Margaret Pace Barnard ("Meg"), but provided no child support for the parties' other child, William *Page 490 
Harrison Barnard II ("Will"), who was 19 years old and in college at the time of the divorce. In the agreement, the father was required to maintain medical insurance on all three children even after each reached the age of majority, as long as such coverage was available under the father's group plan. The agreement also provided that as long as the father was providing medical insurance for Meg, the father was to receive reports on Meg's "current or planned educational endeavors" after her 19th birthday. The agreement also required consultation with the father concerning colleges or universities to which Josh would apply or attend. The agreement, however, did not require post-minority education support for the three children, because the mother was advised that the law in Alabama at the time of the divorce did not allow for such support. Subsequently, in Ex parte Bayliss,550 So.2d 986 (Ala. 1989), we overruled prior cases that had denied trial courts the discretion to require post-minority education support. Thereafter, the mother filed a motion for a declaratory judgment and a modification of the divorce decree, requesting that the trial court hold that the father was obligated to provide support for the parties' three children while they attended college and requesting that the trial court determine the terms of that support. The father filed a motion for summary judgment, requesting that the trial court hold that the parties' two older children, Meg and Will, were not entitled to child support as a matter of law. After a hearing before the trial court at which the parties stipulated to the facts, the trial court held that, in regard to Josh, the youngest child, the father would be obligated to provide some amount of his college expenses upon his graduation from high school, but granted a summary judgment for the father as to the two older children, Meg and Will, on the ground that they had exceeded the age of 19 and were, therefore, not entitled to support from their father. The Court of Civil Appeals affirmed, with opinion. Barnard v. Barnard, 581 So.2d 495 (Ala.Civ.App. 1990). The court overruled the mother's application for rehearing and denied her Rule 39(k), A.R.App.P., motion, without opinion. We granted the mother's petition for certiorari review.
The mother contends that the trial court's jurisdiction to award or to modify child support so as to provide post-minority support for college education is not limited to those cases in which application for modification is made prior to the child's attaining the age of majority. The mother contends that the Court of Civil Appeals' reliance on the following language inEx parte Bayliss, supra, is "misplaced and contrary to the clear intent of this Court in rendering its landmark decision in Bayliss":
 "In a proceeding for dissolution of marriage or a modification of a divorce judgment, a trial court may award sums of money out of the property and income of either or both parents for the post-minority education of a child of that dissolved marriage, when application is made
therefor, as in the case at issue, before the child attains the age of majority."
550 So.2d at 987. (Emphasis added.) We disagree with the mother's contention and hold that the jurisdiction of the trial court is so limited.
The law is well settled that once the trial court obtains jurisdiction over the children of divorced parents, the court retains that jurisdiction during the children's infancy; and it is the court's duty to protect the interests of the children. See Wise v. Watson, 286 Ala. 22, 236 So.2d 681 (1970); Murrahv. Bailes, 255 Ala. 178, 50 So.2d 735 (1951); see, also, Vaughnv. Vaughn, 473 So.2d 1090 (Ala.Civ.App. 1985). Historically, the issue of custody and child support terminated upon the child's reaching the age of majority. See, Ex parte Bayliss, supra; see, also, Murrah v. Bailes, supra; Mashburn v.Mashburn, 555 So.2d 1123 (Ala.Civ.App. 1989); Vaughn v.Vaughn, supra. However, we note that Alabama has carved out two exceptions to that rule — Ex parte Brewington, 445 So.2d 294
(Ala. 1983) (a case dealing with a physically or mentally disabled child), and Ex parte Bayliss (a case dealing with the college education exception).
In the instant case, we are asked to address the issue dealing with the college education exception. In Ex parteBayliss, *Page 491 
the case in which we carved out the exception for college education, Patrick Bayliss's mother and father were divorced when Patrick was 12 years old. When Patrick turned 18, his mother filed a petition to modify the final judgment of divorce, seeking, among other things, to require Patrick's father to pay for Patrick's college education. The trial court held that even though the petition was filed prior to Patrick's reaching the age of majority, Patrick had already attained the age of majority at the time of the hearing on the mother's petition to modify and that it was, therefore, without authority to order the father to pay such support. The Court of Civil Appeals affirmed. We reversed and remanded, holding that, because the application for modification was filed before Patrick attained the age of majority, the trial court had discretion to order such support.
In the instant case, because Will had already attained the age of majority at the time of his parents' divorce, the trial court never had jurisdiction to enter support or custody orders regarding Will. Thus, the trial court properly entered the summary judgment in favor of the father as to Will.
Also, in the instant case, because Meg was only 18 years of age at the time of her parents' divorce, the trial court had jurisdiction over the custody of and support for Meg. However, at the date of her mother's petition for modification, Meg had already attained the age of majority. Because the mother's application for an award of college expenses was not made before Meg attained the age of majority, the trial court no longer had jurisdiction to enter support or custody orders regarding Meg. In other words, it was no longer within the trial court's discretion to award any support for Meg's post-secondary education. Therefore, the trial court properly entered the summary judgment in favor of the father as to Meg.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES, STEAGALL and KENNEDY, JJ., concur.
ALMON and ADAMS, JJ., concur in the result.