The parties to this appeal, Linda Cox and William Cox, were divorced by order of the Madison County Circuit Court on March 3, 1989. Custody of the parties' minor daughter, now nine years of age, was awarded to the mother, Linda Cox. The father, William Cox, was ordered to pay alimony in the amount of $3,500 per month, child support in the amount of $1,500 per month and to maintain medical insurance for the benefit of the child and pay all necessary medical, dental, and psychological expenses not covered by insurance.
On June 15, 1990, the father filed a petition to modify the judgment of divorce. He alleged that the mother intended to move to Colorado and that the move would not be in the child's best interests. The father asserted, among other things, that because the child has cystic fibrosis, a change in residence from a city at sea level — Huntsville, Alabama, to a city above sea level — Colorado Springs, Colorado, would have a direct harmful effect upon the child's medical condition.
The mother answered and counterclaimed, inter alia, for an increase in child support, an order requiring the father to *Page 91 
pay for private school in Colorado, and a modification of visitation.
Following a proceeding at which evidence was presented ore tenus, the trial court ordered, among other things, that the father's petition to prohibit the child from living in Colorado be denied and that the child support be increased to $4,500 per month, with the medical expense provisions to remain in full force and effect.
The parties' daughter suffers from the disease of cystic fibrosis, a fact that was known when the parties divorced. At the time of the divorce, both the mother and the father resided in Huntsville, Alabama. After discovering that the mother was planning to move with the daughter to Colorado, the father sought to prevent the daughter's residence from being changed. The father, who is a cardiologist, testified that the change to a higher altitude would be detrimental to his daughter's physical condition. However, specialists in the field of cystic fibrosis refuted the father's contention, and the trial court refused to restrict the child's residence.
Although the father maintains that he disagrees with that part of the judgment allowing the child to move, he only appeals from that part of the order increasing child support. He asserts that the trial court erred in modifying the child support so as to increase it by threefold and in failing to apply a decreasing ratio of child support to gross income, pursuant to Rule 32, Alabama Rules of Judicial Administration.
In the trial court's order, its findings concerning the increase in child support were that a substantial and material change in circumstances had occurred since the divorce "in that the plaintiff's [father's] income had increased from approximately $450,000 a year to $573,000 per year." The trial court then stated that it considered both this "material increase" in the father's income and the child's medical condition and concluded that the child support obligation of the father should be increased to $4,500 per month, in accordance with the Child Support Guidelines.
Our review of the record indicates that the father has had an increase in income of approximately 27% since the time of the divorce, and his monthly income is well beyond that of the uppermost figure on the Child Support Guidelines. However, our careful reading of the record fails to reveal any testimony showing how the child's needs have increased.
We recognize that testimony was presented concerning the child's needs due to her cystic fibrosis. However, we did not find any evidence concerning her disease that would indicate any significant change in her condition since the parties' divorce or that would indicate that the disease had progressed to a point where her care was more extensive or expensive.
First, the Child Support Guidelines, found in Rule 32, A.R.J.A., are applicable in this case, since the proceedings for modification were instituted after October 9, 1989. Pursuant to subsection (A)(2)(i), of Rule 32, child support obligations shall be modified, if there is "a material change in circumstances that is substantial and continuing." Moreover, because the father's income exceeds the uppermost figure on the guidelines, "the court may use its discretion in determining the child support" due from the father. Rule 32, (C)(1), A.R.J.A.; Wylie v. Wylie, 568 So.2d 812 (Ala.Civ.App. 1990);see also Belser v. Belser, 558 So.2d 960 (Ala.Civ.App. 1990) (holding that for incomes falling below the lowermost amount on the schedule, the trial court also exercises its discretion).
It is undisputed that the father's income has increased since the parties' divorce. However, we find no evidence to suggest that the child's needs have increased. The criteria on which a modification of a prior child support order is based is not only the parent's ability to pay, but also the needs of the child. Stiefelmeyer v. Stiefelmeyer, 485 So.2d 729
(Ala.Civ.App. 1986).
We recognize that the trial court's determination concerning the modification of child support, following an ore tenus proceeding, is committed to its sound discretion.Stiefelmeyer. However, here, there is a lack of evidence to support any materially *Page 92 
changed circumstances with regard to the child's needs, and the trial court's determination to increase the child support must be reversed.
That part of the judgment of the trial court increasing the child support is reversed, and this case is remanded for the trial court to enter a judgment consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
THIGPEN and RUSSELL, JJ., concur.