Joyce Marie Houk (mother) filed a petition to modify a final decree of divorce, requesting that child support for the child of the parties be increased from the $40 per week granted in the original decree. The trial court found that there had been a material change in circumstances since the divorce decree and following the child support guidelines, Rule 32, Alabama Rules of Judicial Administration, amended the decree to increase child support to $456 per month. Wesley Loggins (father) appeals. We reverse and remand.
The record indicates that the parties stipulated the following: The child was four years old at the time of the divorce and was fifteen years old at the time of the hearing; the living expenses of the child have substantially increased since the original decree; the father's annual gross earnings were $21,368 at the time of the divorce and were $42,504 at the time of the hearing; the mother's gross earnings were $20,454 at the time of the divorce and were $25,992 at the time of the hearing; and the father had remarried, with two children being born of the marriage and one child being adopted by the father.
The trial court found that the evidence of the father's increased expenses as a result of the three minor children dependent on him since his remarriage would not be an effective matter for consideration in determining the father's child support obligation under the guidelines, because the guidelines do not permit a deduction for children born or adopted after the initial award of support unless paid pursuant to another order of support. The trial court also entered an order correcting the record, stating that the trial court had considered the question of the constitutionality of Rule 32 as raised by the father and had found that *Page 489 
it is constitutional. It further stated that, since the guidelines do not permit a deduction for the three minor children, the court could not consider such evidence to overcome the presumption that the application of the guidelines would result in the correct amount of child support.
Rule 32(A) states, in pertinent part, as follows:
 "Guidelines for child support are hereby established for use in any action to establish or modify child support, whether temporary or permanent. There shall be a rebuttable presumption, in any judicial or administrative proceeding for the establishment or modification of child support, that the amount of the award which would result from the application of these guidelines is the correct amount of child support to be awarded. A written finding on the record that the application of the guidelines under the following criteria would be unjust or inappropriate shall be sufficient to rebut the presumption:
". . . .
 "(ii) Upon a finding of fact, based upon evidence presented to the court, the court determines the application of the guidelines would be manifestly unjust or inequitable."
Rule 32(B)(6) provides as follows:
 "The amount of child support actually paid by a parent pursuant to an order for support of other children shall be deducted from that parent's gross income. . . . If the proceeding is one to modify an existing award of support, no deduction should be made for other children born or adopted after the initial award of support was entered except for support paid pursuant to another order of support."
(Emphasis supplied.)
The father contends that Rule 32 is unconstitutional because, he claims, it has changed substantive law in violation of the Ala. Const. of 1901, Amend. 328, § 6.11, wherein it states, "such rules shall not abridge, enlarge or modify the substantive right of any party. . . ."
The father argues that the rule removes the trial court's judicial discretion in comparing the child's needs to the parent's ability to pay and the other relevant factors when considering an award of child support. He also argues that the trial court erred in adhering to Rule 32(B)(6) and in refusing to consider the expense of raising the children of his second marriage and his working expenses when it considered gross income only, because, he claims, his gross income has little relationship to his actual ability to pay. Therefore, he reasons, substantive law has been changed, and he has been deprived of a substantive right to offer evidence of his financial obligations to the children of his second marriage.
The father further argues that the trial court erred in refusing to consider these expenses under the rule because, he claims, the criteria under Rule 32(B)(6) are to aid in arriving at the basic child support obligation and do not prohibit offering evidence of this type of expenses to overcome the presumption that the application of the guidelines is the correct amount of child support. Based on these arguments, the father contends that the trial court misconstrued Rule 32(B)(6) and that if it did not misconstrue it, then the rule is constitutionally infirm.
Clearly, a deduction may not be made for children born or adopted after the initial award of support unless pursuant to another order of support when determining the amount of child support to be paid pursuant to the guidelines. Rule 32(B)(6). However, we do not agree with the trial court that Rule 32(B)(6) prohibits the consideration of the evidence of the increased expenses because of these children in determining whether "the application of the guidelines would be manifestly unjust or inequitable." Rule 32(A)(ii). The trial court has been given the authority to make this determination "based upon evidence presented to the court," and there is no limitation on the type of evidence that may be considered. See Rule 32(A)(ii). In addition, we note that the rules are procedural and are not to be interpreted so that they modify substantive law. Rutledge Petroleum *Page 490 Corp. v. F W Trucking, 545 So.2d 60 (Ala.Civ.App. 1988);State v. Ladner Co., 346 So.2d 1160 (Ala.Civ.App. 1977). See
Ala. Const. of 1901, Amend. 328, § 6.11. Substantive law allows the introduction of evidence regarding the obligations and expenses of remarriage and of the children born of that marriage; however, the primary responsibility of the father is to the obligations assumed with his first marriage. Argo v.Argo, 467 So.2d 258 (Ala.Civ.App. 1985); Prestwood v.Prestwood, 344 So.2d 509 (Ala.Civ.App. 1977).
We further note that, although actions concerning child support are guided by the mandatory application of Rule 32, such actions are still within the sound discretion of the trial court, and its decision will not be disturbed absent a finding of abuse of that discretion. Doyle v. Doyle, 579 So.2d 651
(Ala.Civ.App. 1991).
Therefore, based on the above, we find that the father has the right to offer evidence of expenses of the children of the second marriage, not as a deduction from his gross income, but, rather, in an attempt to rebut the presumption that the amount of the award resulting from the application of the guidelines is the correct amount of child support to be awarded.
The judgment is due to be reversed and the cause remanded with instructions for the trial court to consider whether the application of the guidelines would be manifestly unjust or inequitable based upon further evidence to be presented and considered by the court.
We pretermit a discussion of other issues presented as unnecessary.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.