* [Reporter of Decisions' note: Some of the documents filed in this case spell the respondent's name as Ester Fay Williams. Her brief to the Supreme Court indicates that she is now known as Esther Faye Anchrum.]
In Ex parte Bayliss, 550 So.2d 986, 987 (Ala. 1989), this Court held that Alabama trial courts "have jurisdiction to require parents to provide post-minority support for college education to children of a marriage that has been terminated by divorce." In the present case, we are called upon to decide whether the principle established in Bayliss encompasses the situation where the child is born out of wedlock and the parents have not subsequently married.
Darlene Williams was born out of wedlock to Esther Faye Williams on March 25, 1972. A paternity action instituted by Esther in 1973 established Bobby Jones as Darlene's father, and he was required to pay the mother $43.75 per month as child support. As the result of a modification proceeding in 1977, the child support obligation was increased to $20.00 per week and Jones was required to provide medical insurance for Darlene. In 1989, Esther filed another petition to modify Jones's child support obligation. She sought an increase in the child support payments to meet Darlene's dental expenses and future college education expenses. A trial court referee ordered Jones to pay $350.00 per month as child support until Darlene reached the age of majority or until she reached the age of 21 if she attended an accredited college. The trial court, upon appeal of the referee's decision, ordered Jones to pay $475.00 per month as child support until Darlene reached her 19th birthday. Upon reaching age 19, Jones was to pay $475.00 each month Darlene was enrolled in college, until her 23rd birthday.
Upon appeal, Jones relied on this Court's decision in Exparte Bayliss, 550 So.2d 986 (Ala. 1989), and claimed that the trial court had erred in ordering him to provide post-minority support for college education expenses in circumstances not involving divorce. The Court of Civil Appeals affirmed, holding that the father of a child born out of wedlock could be required to provide the child post-minority support for a college education.
Jones petitioned this Court for a writ of certiorari. We granted the petition, and now affirm the judgment of the Court of Civil Appeals.
Initially we recognize that our recent decision in Ex parteBarnard, 581 So.2d 489 (Ala. 1991), limited the trial courts' jurisdiction to award or modify child support to provide post-minority support for college education to cases in which a petition for the award or modification is made prior to the child's reaching the age of majority. In the present case, Darlene was 18 years of age, not yet at the age of majority in Alabama, when her mother filed the petition for modification of child support at issue. Thus, the child support petition meets the mandate of Barnard.
We further note that the characterization of Darlene as an illegitimate child is irrelevant to the disposition of this case. It is firmly established in this State that parental obligations do not differ with regard to whether the parents of the child are married. Harris v. State, 356 So.2d 623 (Ala. 1978). In fact, we have held that "the ultimate objective of the [Uniform Parentage Act, Ala. Code 1975, § 26-17-1 et seq.,] is to promote full equality for all children, *Page 610 
be they legitimate or illegitimate." Ex parte Presse,554 So.2d 406, 411 (Ala. 1989).
With any consideration of legitimacy removed from this case, we find no basis for distinguishing between the character of the familial relationships in this case and those we recognized in Bayliss. Further, contrary to Jones's contention, our decision in Bayliss did not depend on the fact that the parties to that proceeding were divorced. Our decision did, however, depend on the existence of the parent-child relationship. Therefore, we hold that the "college education exception" to the general rule that a "parent has no duty to contribute to the support of his or her child after that child has reached the legislatively prescribed age of majority," Bayliss, 550 So.2d at 992, applies as well where the parents were not married at the time of the birth of the child and were not married thereafter.
In Bayliss, we set out the factors a trial court shall consider in determining whether to order a noncustodial parent to provide post-minority support to his children for a college education:
 "[A] trial court may award sums of money out of the property and income of either or both parents for the post-minority education of a child [and] . . . [i]n doing so, the trial court shall consider all relevant factors that shall appear reasonable and necessary, including primarily the financial resources of the parents and the child and the child's commitment to, and aptitude for, the requested education. The trial court may consider, also, the standard of living that the child would have enjoyed if the marriage had not been dissolved and the family unit had been preserved and the child's relationship with his parents and responsiveness to parental advice and guidance."
Bayliss, 550 So.2d at 987. Aside from the reference to the dissolution of marriage, we believe that the factors we require the trial court to consider in the context of support for children of divorced parents are no less applicable in the situation where the parents have never married. In either circumstance, the existence of a legal parent and child relationship is the focal point of our analysis.
We agree with the Court of Civil Appeals that the trial court properly considered the factors set out above in arriving at its conclusion. Therefore, the judgment of the Court of Civil Appeals is affirmed.
AFFIRMED.
MADDOX, STEAGALL and KENNEDY, JJ., concur.
HOUSTON, J., concurs specially.
ALMON, SHORES, ADAMS and INGRAM, JJ., dissent.