As the author of the majority opinion in Ex parte Bayliss,550 So.2d 986 (Ala. 1989), I find that the premise upon which Justice Adams bases his dissent is faulty. It is based upon there being no support in statutory law for the majority opinion; this is not correct.
In his dissent, Justice Adams's historical account of the Parentage Act and the Non-support Act is interesting and instructive; however, it does not make his dissent, which is based on a faulty premise, correct. The dissent is premised on the majority's holding being forbidden by statute, specifically, Ala. Code 1975, § 26-17-8, which provides:
 "(a) The father's liabilities for past education and necessary support are limited to a period of two years next preceding the commencement of an enforcement action under this chapter unless an order of support has been previously entered.
 "(b) An action to determine paternity for the purposes of obtaining support shall not be brought after the child attains age 19.
 "(c) The provisions of this section and section 26-17-6 do not extend the time within which a right of inheritance, or a right to succession may be asserted beyond the time provided by law relating to distribution and closing of decedents' estates *Page 611 
or to the determination of heirship, or otherwise."
How, pray tell, does the majority opinion "violate both the spirit and the letter of § 26-17-8"? It does not. The only subsection of this Code section that could apply is (b). This action was filed before the child attained age 19. As a matter of fact, all actions for post-minority support for college education must be filed before the child attains age 19. Exparte Barnard, 581 So.2d 489 (Ala. 1991).