This is a child support modification case.
The record reveals that Lynne B. Rolen Pickering (mother) and James Zack Rolen (father) were divorced in April 1982. Pursuant to an agreement of the parties, incorporated into the divorce judgment, custody of the parties' minor child was awarded to the mother, and the father was ordered to pay child support. Record evidence reveals that the father's support payments were ultimately increased to $487 in January 1991, pursuant to the guidelines of Rule 32, Ala.R.Jud.Admin. The father was also ordered to pay to the mother, as additional child support, 10% of any "gross commissions or bonuses which he receives each year, which, when combined with his gross salary and automobile allowances, shall exceed $45,000." The mother filed a contempt action against the father for his failure to adhere to the additional terms. In July 1992, the trial court ordered the father to pay $2,481.13 to the mother to purge himself of contempt, and additionally, it entered judgment against the father in the amount of $1,147 for the mother's court costs and an attorney fee.
In October 1992, the father filed a petition to decrease child support, alleging a substantial change in circumstances. Following an ore tenus proceeding, the trial court denied his petition and found that the father had "failed to meet the burden of proof necessary to show a material change in circumstances in the needs of the minor child or in his ability to meet those needs as a primary obligation to such child." The father was ordered to pay $2,500 to the mother for her court costs and an attorney fee. The father appeals.
The dispositive issue on appeal is whether the father met his burden of proving a material change in circumstances, as required by Rule 32(A)(2)(i), Ala.R.Jud.Admin., *Page 852 
warranting a decrease in his support obligation.
The modification of child support is a matter strictly within the trial court's discretion, and its decision will not be reversed unless there is an absence of supporting evidence or an abuse of discretion. Bass v. Bass,475 So.2d 1196 (Ala.Civ.App. 1985). "Rule 32(A), A.R.J.A., establishes a rebuttable presumption that the correct amount of child support results from the application of the guidelines." Carterv. Carter, 579 So.2d 1373, 1374 (Ala.Civ.App. 1991).
A prior child support award may be modified only upon proof of changed circumstances since the last judgment, with the burden of proof resting on the party seeking the modification. Cherry v. Clark, 595 So.2d 909 (Ala.Civ.App. 1992). While "[t]he most pertinent factor in determining a modification of child support is a material change in the needs, conditions, and circumstances of the children,"Whitfield v. Whitfield, 570 So.2d 700, 703 (Ala.Civ.App. 1990), the parent's ability to pay must also be taken into account. Cherry, supra.
Our review of the record reveals that the father failed to present any evidence of a diminished income or a decrease in his earning ability since the last order. The father's request for a reduction in child support appears to be based upon his increased debts due to a new family, a new home, and his tax liability. Absolutely no evidence was presented regarding the needs and expenses of the minor child.
The father claims that the trial court neglected to consider his ability to pay based upon the expenses of his remarriage and subsequent children. It is well settled that no deduction in calculating the child support obligation shall be made "for children born or adopted after the initial award of support unless pursuant to another order of support when determining the amount of child support to be paid pursuant to the guidelines. Rule 32(B)(6)." Loggins v. Houk,595 So.2d 488, 489 (Ala.Civ.App. 1991). Evidence regarding the obligations of remarriage, however, are not prohibited from being considered in determining whether application of the guidelines would be manifestly unjust or inequitable. Loggins,supra. The primary responsibility of the parent, however, is to the obligations assumed with the earlier marriage. Loggins,supra.
The trial court permitted the father to testify at length regarding his current financial position and his obligations, in conjunction with other evidence presented on his behalf. Apparently that evidence did not satisfactorily rebut the presumption established by Rule 32 that the guideline amount is the proper amount of child support. The trial court found that the application of the guidelines was appropriate in this case, and in light of the ore tenus presumption, we support the trial court's decision. See Beckwith v. Beckwith,475 So.2d 575 (Ala.Civ.App. 1985).
We further note that the trial court has continuing jurisdiction over matters of child support, and its judgment may be modified in the future due to changed circumstances.Conradi v. Conradi, 567 So.2d 364 (Ala.Civ.App. 1990).
The judgment of the trial court is supported by credible evidence and it is, hereby, affirmed. The mother's request for an attorney fee on appeal is denied.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.