This is a child support case.
In November 1992, the State of Alabama, on behalf of Linda Cassady, filed a petition to increase the child support obligation of Kent Douglas Barnes for his child with Cassady. In March 1993, after ore tenus proceedings and the submission of briefs by the parties, the trial court entered an order wherein it found that Barnes's monthly gross income consisted of his basic pay plus certain military *Page 426 
allowances. The trial court then based the support obligation upon its findings, utilizing the guidelines of Rule 32, Ala.R.Jud.Admin., and citing Riley v. Riley, 562 So.2d 265
(Ala.Civ.App. 1990). The trial court increased Barnes's child support obligation to $419 per month, and it ordered that the increase be implemented gradually over a period of time in an effort to ease any potential hardship to Barnes. Barnes's post-judgment motion was denied. Hence, this appeal.
Barnes contends that application of the guidelines of Rule 32, Ala.R.Jud.Admin., is unconstitutional and manifestly unjust because of its unequal treatment of after-born children. Additionally, Barnes contends that the trial court erred by considering his basic allowance for quarters (BAQ), variable housing allowance (VHA), and career sea pay when calculating his gross income for the determination of child support.
Barnes's constitutional attack fails. Although Barnes mentioned his intention to brief that issue at the close of the evidence, at no time during the trial court proceedings did Barnes raise the issue. He now attempts to raise the issue on appeal without supporting authority. Constitutional issues not raised in the trial court cannot be considered for the first time on appeal. D.W.W. v. State Department of Human Resources,607 So.2d 240 (Ala.Civ.App. 1992). Furthermore, the cases ofElliott v. Williams, 631 So.2d 1020 (Ala.Civ.App. 1993), Lowv. State ex rel. Waltman, 602 So.2d 435 (Ala.Civ.App. 1992), and Loggins v. Houk, 595 So.2d 488 (Ala.Civ.App. 1991), are dispositive.
Although a deduction may not be made for after-born or later-adopted children, a trial court is not prohibited from considering evidence of increased expenses and obligations related to remarriage and additional children when determining whether the application of the guidelines would be manifestly unjust or inequitable. Rule 32, Ala.R.Jud.Admin.; Loggins,supra. A determination of a child support obligation rests soundly within the trial court's discretion, and its determination will not be reversed absent a showing that the trial court abused its discretion. Conradi v. Conradi,567 So.2d 364 (Ala.Civ.App. 1990). Further, a trial court is not obligated to apply the guidelines if it determines in writing that the application of the guidelines would be unjust or inequitable. Rule 32, Ala.R.Jud.Admin.; Stewart v. Kelley,587 So.2d 384 (Ala.Civ.App. 1991).
Barnes contends that the application of the guidelines in the case sub judice is manifestly unjust or inequitable because his present family has structured their financial obligations according to their income and there is "no room for an increase" in his child support obligation.
The record reveals that when paternity of this child was established in April 1983, Barnes was ordered to pay $100 per month as child support. When this increase in child support was ordered, the trial court acknowledged that an immediate increase could pose a potential hardship on Barnes and his new family. The trial court determined that "a more equitable result can be reached by phasing in the child support increase," and therefore, it ordered that the increase occur gradually, affording Barnes the opportunity to adjust his budget accordingly.
Barnes's argument that this "child was born out of wedlock and does not enjoy the special status of a child born in a first or prior marriage" is without merit. AlthoughLoggins involves children of a previous marriage, its holding, as well as the pertinent provisions of Rule 32, Ala.R.Jud.Admin., are equally applicable to situations involving legitimated children born out of wedlock. Our Supreme Court opined in Ex parte Presse, 554 So.2d 406 (Ala. 1989), that the ultimate objective of the Alabama Uniform Parentage Act, Ala. Code 1975, § 26-17-1 et seq. (UPA), is "to promote full equality for all children, be they legitimate or illegitimate." Presse at 411. Additionally, Ala. Code 1975, §26-17-3, states that, "The parent and child relationship will extend equally to every parent and every child, regardless of marital status of the parents." Our Supreme Court has further noted that the characterization of a child's birth status as illegitimate is irrelevant because "parental obligations do not differ with regard to whether the parents of *Page 427 
the child are married." Ex parte Jones, 592 So.2d 608, 609
(Ala. 1991).
Barnes's second issue concerns the trial court's inclusion of certain military allowances in calculating his gross income. He argues that his BAQ, VHA, and career sea pay should not be considered in the gross income calculation. The trial court inRiley, supra, did not include certain military allowances in its calculation of gross income. On appeal, this court affirmed, stating that "we cannot find that the trial court erred in not including the [military allowance] amounts in the father's gross income." Riley at 266.
"Other income" is defined to include "[e]xpense reimbursements or in-kind payments received by a parent in the course of employment, self-employment, or operation of a business . . . if they are significant and reduce personal living expenses." Rule 32(B)(4), Ala.R.Jud.Admin. Barnes's military allowances significantly reduce his family's personal living expenses and can be considered as other income. We cannot find error in the trial court's determination.
Based upon the foregoing, the decision of the trial court in this cause is hereby affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.