ROBERTSON, Presiding Judge.
The parties, Tommie Suzanne Lolley Yar-borough (mother) and Melvin Edward Lolley (father), were divorced by a judgment entered by the Mobile County Circuit Court on June 7,1978. The mother was awarded custody of the parties’ minor daughter, Robin Michelle Lolley, and the father was ordered to pay child support. The daughter reached the age of majority on January 6, 1993.
On September 14, 1998, the mother filed a petition for modification, alleging that the parties’ daughter was attending college and that the father was capable of contributing to the daughter’s college expenses. The petition requested that the trial court order the father to pay a portion of the daughter’s college expenses. The father, pro se, answered the petition denying the mother’s allegations. The father further averred that the parties’ daughter had reached the age of majority and requested that the mother’s petition be dismissed.
Following an ore tenus proceeding on the mother’s petition, the trial court entered an order requiring the father to contribute to the expenses of the daughter’s college education in an amount not to exceed the amount of tuition charged at Auburn University if the college chosen is on a quarter system or the amount of tuition charged at the University of Alabama if the college chosen is on the semester system.
On appeal, the father contends that the trial court erred in ordering him to contribute to his daughter’s college expenses because the mother’s petition was filed after the daughter had reached the age of majority.
It is undisputed by the parties that the mother’s petition to modify the divorce judgment to include post-minority educational support for the parties’ daughter was not made until some nine months after the daughter had reached the age of nineteen.
Our supreme court has made it clear that petitions for post-minority educational support must be made before the child reaches the age of majority. In Ex parte Barnard, 581 So.2d 489 (Ala.1991), our supreme court stated:
“Because the mother’s application for an award of college expenses was not made before [the child] attained the age of majority, the trial court no longer had jurisdiction to enter support or custody orders regarding [the child]. In other words, it was no longer within the trial court’s discretion to award any support for [the child’s] post-secondary education.”
Barnard, 581 So.2d at 491.
The mother in her brief acknowledges the supreme court’s holding in Barnard. However, she contends that the holding in Barnard is arbitrary and asks this court to overrule Barnard and all other eases holding that petitions to modify divorce judgments to include post-minority educational support must be made before the child reaches the age of majority. This we cannot do. “The decisions of the supreme court shall govern the holdings and decisions of the courts of appeals-” § 12-3-16, Ala.Code 1975. We are bound to follow the latest decision of the majority of our supreme court on any particular issue. Bunting Plastic Surgery Clinic, P.C. v. Tucker, 624 So.2d 1073 (Ala.Civ.App.1992); State v. Bilotta, 522 So.2d 300 (Ala.Civ.App.1988). We, therefore, hold that the trial court erred in awarding post-minority educational support in this case.
The father’s request for an attorney fee on appeal is denied.
The judgment of the trial court is reversed and this cause is remanded for the entry of a judgment dismissing the mother’s petition.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THIGPEN and YATES, JJ., concur.