PITTMAN, Judge,
dissenting.
Because I would affirm the trial court’s judgment, I must respectfully dissent. Although a trial court errs by not granting a hearing on a Rule 59, Ala. R. Civ. P., motion, our supreme court has held that such error is not necessarily reversible error. See Kitchens v. Maye, 623 So.2d 1082, 1088 (Ala.1993). Harmless error occurs, within this context,
“ ‘where there is either no probable merit in the grounds asserted in the motion, or where the appellate court resolves the issues presented therein, as a matter of law, adversely to the movant, by application of the same objective standard of review as that applied in the trial court.’ ”
Kitchens v. Maye, 623 So.2d at 1088-89, quoting Greene v. Thompson, 554 So.2d 376, 381 (Ala.1989). Failure to grant a hearing is reversible error only if it “has probably injuriously affected substantial rights of the parties.” Rule 45, Ala. R.App. P.
A thorough review of the record reveals that the trial court did not commit reversible error when it denied the wife’s hearing request contained in her Rule 59(e) motion. Although the wife’s motion to alter, amend, or vacate the judgment contained exhibits that would indicate that an oral agreement to pay for the younger child’s college education was reached during the November 1996 hearing, that agreement was not contained in the subsequent court order. While the wife may have an enforceable oral contract, see Abbott v. Hurst, 643 So.2d 589 (Ala.1994), she cannot attempt to enforce it in the domestic court. The trial court correctly read Ex parte Bayliss, 550 So.2d 986 (Ala.1989), to determine that it had no jurisdiction over the parties after the younger child reached the age of 19. A trial court may award postminority educational support of a child of a dissolved marriage when application is made before the child “attains the age of majority.” Ex parte Bayliss, 550 So.2d at 987.
This court has recently reiterated the state of the law on applications for postmi-nority educational support: “the trial court retains jurisdiction over the children of divorced parents only ‘during the children’s infancy.’ ” Floyd v. Abercrombie, 816 So.2d 1051 (Ala.Civ.App.2001), quoting Ex parte Barnard, 581 So.2d 489, 490 (Ala.1991). Furthermore, “[i]f the person for whom support is sought becomes an adult, and loses the status of a ‘child,’ that status cannot be restored, and the jurisdiction of the trial court cannot be resurrected.” Floyd v. Abercrombie, 816 So.2d at 1055. The evidence clearly indicates that the younger child turned 19 years old before the husband’s request for termination of support, which request preceded the wife’s filing of any motions concerning the younger child’s college education. Because I would conclude that the trial court did not have jurisdiction to award postminority educational support, I would also conclude that the failure to hold a hearing on the mother’s motion is not reversible error.