BRYAN, Judge,
concurring in the result.
I believe that it is against the well-established law of this State to require an obligor parent to pay child support that accrues after the date that the child attains the age of majority. However, in the event that a single award of child support has been made for the benefit of more than one child, current caselaw and Rule 82, Ala. R. Jud. Admin., appear to require an obligor parent to request a modification of child support once a minor child attains the age of majority.
There is no question that a child’s right to support terminates at the time the child reaches the age of majority, which, in Alabama, is at the age of 19. See Ex parte University of South Alabama, 541 So.2d 535, 538 (Ala.1989) (“A child has [a] fundamental right to financial support until its majority or death or a legal termination of parental rights.”); Hawkins v. Cantrell, 963 So.2d 103, 106 (Ala.Civ.App.2007) (“ ‘All minor children have a fundamental right to parental support and that right is deemed to be a continuing right until the age of majority.’ ” (quoting Ex parte State ex rel. Summerlin, 634 So.2d 539, 541 (Ala.1993))); and § 26-1-1, Ala.Code 1975. See also Ex parte Cohen, 763 So.2d 253, 255 (Ala.1999) (noting that only two exceptions apply to the general rule that a parent has no duty “ ‘to provide support for a child who has reached the age of majority’ (1) when an adult child who is mentally disabled cannot support himself, or (2) when an “ ‘application for post-minority educational support is made before the child reaches the age of majority.’ ” (quoting Cohen v. Baker, 763 So.2d 248, 252 (Ala.Civ.App.1998))).
The Alabama Supreme Court’s decision in Ex parte Bayliss, 550 So.2d 986 (Ala.1989), also supports the proposition that a child’s right to support automatically terminates at the moment the child attains the age of majority. In Bayliss, our supreme court empowered the trial courts to award postminority educational support to a child of divorced parents if the application for postminority support is made “before the child attains the age of minority.” Id. at 987 (emphasis added). We have strictly adhered to this standard and have reversed orders awarding postminority educational support when the application for such support was made after the child had attained the age of majority. See Lolley v. Yarborough, 643 So.2d 1009 (Ala.Civ.App.1994). See also Floyd v. Abercrombie, 816 So.2d 1051, 1054-55 (Ala.Civ.App.2001). This line of cases tends to support the conclusion of the trial court that, in Alabama, a child’s right to support automatically ends, “as a matter of law,” upon the attainment of the age of majority.
The majority cites Ex parte State ex rel. Lamon, 702 So.2d 449 (Ala.1997), to support the conclusion that a parent is required to pay child support for a child beyond the date that that child attains the age of majority if there is a single award of child support for more than one child and the obligor parent fails to file a timely petition to modify the child-support order. However, Lamon itself does not provide for such an outcome. In Lamon, the supreme court held that “child support payments become final judgments on the day they are dm and may be collected as any other judgment is collected; and that payments that mature or become due before the filing of a petition to modify are not *747 modifiable.” 702 So.2d at 450-51 (emphasis added). The facts of Lamon are distinguishable from the facts of the present case because the child at issue in Lamon was a minor at all times relevant to that case. If there is no question that, generally, a child’s right to support terminates at the moment the child attains the age of majority, then child-support payments no longer “mature or become due” once a child attains the age of majority. Lamon, therefore, does not support a holding that requires a parent to pay an arrearage of child-support payments that have accrued after a child has attained the age of majority.
I should note that I do not support an obligor parent’s unilaterally reducing a child-support payment simply because a minor child has attained the age of majority. The primary purpose for this writing is to point out what I believe to be two disparate lines of cases. On the one hand, we have well-settled caselaw, cited above, that declares that, generally, a parent has no duty to provide support for a child who has attained the age of majority. See Ex parte Bayliss, Ex parte University of South Alabama, Hawkins v. Cantrell, and Ex parte Cohen, supra. On the other hand, there are cases such as Woods v. Woods, 851 So.2d 541 (Ala.Civ.App.2002), and Stinson v. Stinson, 729 So.2d 864 (Ala.Civ.App.1998), cited by the majority, that require an obligor parent to make child-support payments for a child after that child has attained the age of majority simply because the obligor parent failed to file a timely petition to modify.[2] The issue in this case exposes an important dichotomy that affects parents and children involved in the child-support system in this State and should be resolved at some point.
As the law now stands, an obligor parent may be required to make child-support payments for a “child” that has long since attained the age of majority. My concern is, when does it end? Taken to its extreme, an obligor parent’s responsibility for a child may never end if that obligor parent does not take some affirmative action with the court to end the obligation. I believe that the current child-support system, including the provisions of Rule 32, were never meant to penalize an obligor parent by requiring them to pay child support for a child that has reached the age of majority.
MOORE, J., concurs.

. There are a myriad of reasons why an obli-gor parent may not file a timely petition to modify their child-support obligation once one child attains the age of majority, including lack of funds to hire an attorney and file a petition with the court, the cost of filing a petition with the court, or the inability of the obligor parent to personally file the petition due to some type of incapacitation.